**FENNEMORE, LLP**
Gary B. Rudolph, SBN 101921
Kathleen A. Cashman-Kramer, SBN 128861
600 B Street, Suite 1700
San Diego, California 92101
Telephone: (619) 233-4100
Fax Number: (619) 231-4372
grudolph@fennemorelaw.com

Attorneys for Creditor and Party in Interest
Arcadian Vanguard LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA (SAN FERNANDO VALLEY)

| | |
|---|---|
| In re | CASE NO. 1:24-bk-10396-MB |
| KAST MEDIA, INC., fka Kast Media LLC, aka Sight Reading Academy, aka Kast | Chapter 11 |
| | **OPPOSITION BY CREDITOR ARCADIAN VANGUARD LLC TO NOTICE SETTING INSIDER COMPENSATION** |
| Debtor. | Hearing Date: To Be Set By Debtor |
| | Time: To Be Set By Debtor |
| | Dept.: Please find this out |
| | Judge: Hon. Martin R. Barash |

Creditor and party in interest Arcadian Vanguard LLC ("Arcadian Vanguard"), by its attorneys of record, hereby makes this opposition to the Notice Setting Insider Compensation (ECF 11) filed March 22, 2024, on the following grounds:

1. The Notice requests compensation to Colin Thomson in the annual amount of $180,000. See ECF #11, p. 1, para. 11. On page 2, Mr. Thomson states that in 2023 he was paid $195,000[1] by the Debtor. ECF #11, para. 15. However,

---

[1] This amount - $195,000 – also appears at para. 30 of the Statement of Financial Affairs ("SOFA") filed in this case on March 27, 2024. See ECF #13, p. 50, para. 30.

- 1 -

the only offer of proof made by him shows two W-2s for 2023 from the Debtor: one for wages of $107,000.03 and one for $29,512.99. Together these W-2s total $136,513.02 for 2023 – far less than the $195,000 which he stated – under penalty of perjury – that he received from the Debtor in 2023. It is also far less than what he is requesting in the instant Notice. These contradictory amounts must be explained because if the Debtor only paid Mr. Thomson $136,513.02 in 2023 (as the W-2s demonstrate), then he is asking this court to approve an unsubstantiated post-petition raise from a prepetition salary. Until the Debtor successfully explains this discrepancy and reason for a post-petition increase in compensation, no compensation should be approved.

2. The amount of compensation requested - $180,000 - exceeds the total cash the Debtor has on hand at the moment ($178,442.95). It also approaches the total revenue the Debtor has collected in 2024 to date - which is $209,133.13. See Statement of Financial Affairs, ECF 13, at p. 38. Neither the Debtor nor the Applicant have made any offer of proof showing what the Debtor can expect in revenues that would be sufficient to pay the proposed compensation. As set forth in the accompanying declaration of Brian Last ("Last Decl."), President and CEO of Arcadian Vanguard, the Debtor fired all of its advertising sales department employees pre-petition, and many of the Debtor's other podcast clients (in positions similar to that of Arcadian Vanguard), have not done business with the Debtor since May 2023 or earlier. It is respectfully submitted that the Debtor has very little if any revenues it can expect in 2024 which could support or justify the compensation which Mr. Thomson requests. See paragraphs 2 and 3 of the Last Decl. The Debtor should be required to demonstrate a reasonable likelihood and estimate of revenues.[2]

3. Other than the cash (as set forth above), the only other assets listed by

---

[2] At page 14 of the schedules (ECF 13) the Debtor lists, as an asset, a "Finder's Fee Agreement with Courtside Group, Inc." This entity is listed with an unknown value, is not included on Schedule G, and no other information is known.

- 2 -

45998110.2/536313.0045

the Debtor are accounts receivable (some of which are uncollectible) totaling about $83,000. ECF #13, p. 15. The Debtor lists no unexpired executory contracts. This further highlights the likely lack of revenue or potential for future revenue issue.

4. The schedules show that the Debtor paid attorney's fees in excess of $152,000 within the 90 days prior to the Petition Date. See ECF #13, pp. 39 and 42 (comprised of over $83,000 to EPGR and Glaser Weil, and $69,335.50 to its current bankruptcy counsel). This amount does not include the sum of $21,380 the Debtor paid to Levene Neal in 2023 for bankruptcy advice. ECF #13, SOFA, para. 11, p. 42. Yet, in addition to not paying its clients, the Debtor also failed to pay over $72,000 in priority tax claims in 2023. See ECF #13, p. 19. The Debtor should explain why compensation is appropriate under these circumstances.

5. Mr. Thomson appears to be the sole person controlling the books and records of the Debtor at this time. He is also the 99% shareholder. See ECF #13, p. 37 (signed as CEO of the Debtor), see also p. 50.

6. Finally, as Mr. Last, a member of the podcasting community since 2015, states in the accompanying declaration, Mr. Thomson (through an email from him in May 2023 and in an email from the Debtor's lawyer, Neil Sacker, in June 2023) notified Arcadian Vanguard and others in May 2023 that it would be filing bankruptcy and unable to pay them on undisputed claims which are estimated to exceed $6.8 million (see ECF #13, p. 7). Arcadian Vanguard was also informed that if it did not sign new contracts – with bad terms – with PodcastOne (prior to its becoming a publicly-traded company), then the Debtor's client creditors – including Arcadian Vanguard – would receive nothing on their claims because the Debtor would shut down and go out of business. Last Decl., ¶ 3.

Local Rule 2014-1 provides the mechanism for a request for insider compensation and includes the following:

> (3) Payment of Insider Compensation. An insider may receive compensation or other remuneration from the estate if no objection is received within 14 days after service of the Notice. An insider may receive an increase in the amount of

insider compensation or other remuneration previously approved if no objection is received within 30 days after service of the Notice.

(4) Objection and Notice of Hearing. If an objection is timely received, the debtor ***must*** set the matter for hearing. The debtor must file a true and correct copy of the Notice, objection, and the original notice of hearing. The debtor must serve not less than 21 days notice of the date and time of the hearing on the objecting party and the United States trustee.

Arcadian Vanguard submits that the burden is on the Debtor or Mr. Thomson, or both of them, to establish the reasonableness of the wages requested, as well as the ability of the Debtor to pay it. The Debtor's income historically came from the precent of advertising revenues its podcast clients generated; that source appears to have dried up. See the Last Decl., ¶¶ 4-5. As a result, until this requirement is satisfied and additional information provided, it is premature to allow any compensation to Mr. Thomson.

Respectfully submitted,

Dated: April 3, 2024    FENNEMORE, LLP

By: */s/Kathleen A. Cashman-Kramer*
Kathleen A. Cashman-Kramer
Gary B. Rudolph
Counsel for creditor and party in interest
Arcadian Vanguard