1  Leslie A. Cohen, Esq. (SBN: 93698)
         leslie@lesliecohenlaw.com
2  J'aime Williams Kerper, Esq. (SBN 261148)
         jaime@lesliecohenlaw.com
3  LESLIE COHEN LAW, PC
   1615-A Montana Avenue
4  Santa Monica, CA 90403
   Telephone:  (310) 394-5900
5  Facsimile:  (310) 394-9280

6
   *Proposed* Attorneys for Debtor-in-Possession
7

8

9
                   **UNITED STATES BANKRUPTCY COURT**
10
                   **CENTRAL DISTRICT OF CALIFORNIA**
11
                   **SAN FERNANDO VALLEY DIVISION**
12
   *In re*                              | Case No. 1:24-bk-10396-MB
13
   KAST MEDIA INC.                      | Chapter 11
14
                          Debtor and    | **NOTICE OF MOTION AND MOTION TO**
15                        Debtor in Possession | **APPROVE COMPROMISE BETWEEN**
                                         | **THE DEBTOR AND SOUNDSTACK,**
16                                       | **INC. PURSUANT TO FEDERAL RULE**
                                         | **OF BANKRUPTCY PROCEDURE 9019;**
17                                       | **DECLARATION OF COLIN THOMSON**
18
                                         | Date: May 28, 2024
19                                       | Time: 1:30 p.m.
                                         | Courtroom: 303
20
                                         | Video/audio web address:
21                                       | https://cacb.zoomgov.com/j/1603903929
                                         | ZoomGov meeting number: 160 390 3929
22                                       | Password: 302398 Telephone conference
                                         | lines: 1 (669) 254 5252 or 1 (646) 828 7666
23

24

25  **TO THE HONORABLE MARTIN BARASH, UNITED STATES BANKRUPTCY JUDGE;**

26  **THE OFFICE OF THE UNITED STATES TRUSTEE; INTERESTED PARTIES AND**

27  **ENTITIES ENTITLED TO SPECIAL NOTICE:**

28

**PLEASE TAKE NOTICE** that Kast Media, Inc., Debtor in Possession ("**Debtor**") in the above-captioned, chapter 11 case, hereby respectfully moves this Court for an order approving the settlement ("**Settlement**") negotiated in good faith and at arms' length between the Debtor, and Soundstack, Inc. ("**Soundstack**", and with the Debtor, the "**Parties**") pursuant to section 105(a) of title 11 of the United States Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure (FRBP).

**PLEASE TAKE FURTHER NOTICE** that the hearing to approve the Motion will be held on May 28, 2024 at 1:30 p.m. before the Honorable Martin Barash, U.S. Bankruptcy Judge, in Courtroom "303" of the U.S. Bankruptcy Court located at 21041 Burbank Blvd, Woodland Hills, CA 91367, via ZoomGov. The ZoomGov connection information appears on the first page of this document.

**PLEASE TAKE FURTHER NOTICE** that per Local Bankruptcy Rule (LBR) 9013-1(f), any party objecting to the relief sought in the Motion must file written objections with the Bankruptcy Court and must serve such objections upon counsel listed above and the Office of the United States Trustee, at the Office of the U.S. Trustee, 915 Wilshire Blvd., Suite 1850, Los Angeles, California 90017, not later than 14 days before the date set for hearing.  Failure to file and serve a timely written opposition may be deemed to constitute consent to the relief requested in the Motion, per LBR 9013-1(h).

**WHEREFORE**, the Debtor respectfully requests this Court to enter an order:

1. Granting this Motion in its entirety;

2. Approving the Settlement and authorizing the Parties to take all steps necessary to consummate the terms and conditions of the Settlement;

3. Making a finding that the Settlement is in good faith;

4. Waiving any stay of effectiveness of the order approving the Settlement so that it is immediately effective upon entry by the Court;

5. Granting such other and further relief as the Court deems just and proper.

Date: April 26, 2024

LESLIE COHEN LAW PC


By      _/s/ Leslie A. Cohen_
                    Leslie A. Cohen
                    Attorneys for Debtor

Notice of Motion to Approve Compromise

## MOTION

Kast Media, Inc., Debtor in Possession ("**Debtor**") in the above-captioned, chapter 11 case makes this Motion pursuant to section 105(a) of title 11 of the United States Code ("**Bankruptcy Code**") and Rule 9019 of the Federal Rules of Bankruptcy Procedure ("**Rule**"), for an order from the Court approving the Settlement between the Debtor, and Soundstack, Inc. ("**Soundstack)**.  Together, the Debtor and Insureds may be referred to as the "**Parties**", and each individually, a "**Party**."

## I.    INTRODUCTION

Through the Motion, the Debtor seeks approval of the settlement of the amounts due between the Parties (the "**Settlement**.") The Settlement provides for a mutual waiver of claims by the Parties related to the current amounts due to each Party, maintains the Parties' current agreement which provides payouts to the Debtor, and payment of a settlement amount to the Debtor with the Parties to bear their owns costs, and without any other expense of litigation to the estate. The Parties have negotiated in good faith and at arms' length to consensually resolve the issues set forth in greater detail herein.  As detailed below, the Settlement represents a fair, reasonable and cost-efficient resolution of disputes and potential disputes in this case related to the claims at issue and meets the test for approval of settlements in this Circuit.   Accordingly, this Motion should be approved.

## II.    BACKGROUND

A.    **Prepetition Background**

Soundstack is engaged in the business of providing hosting and advertising services.  See attached Declaration of Colin Thomson ("**Thomson Decl**.").  Soundstack is an arms-length, third party with no connection to the Debtor or its management. See Thomson Decl.

 Pre-petition, Kast and Soundstack were parties to an agreement ("**Original Agreement**") whereby Kast paid Soundstack for hosing services ("**Hosting Services**"),

and Soundstack paid Kast for advertising it deployed on Kast's podcasts ("**Advertising Services**").  See Thomson Decl.  In January 2024, the Parties entered into a revised agreement ("**Revised Agreement**") whereby Soundstack would continue to pay Kast for Advertising Services but Soundstack would keep a larger split of the advertising revenue in return for continuing to provide Hosting Services. See Thomson Decl.

As of the Petition Date, Soundstack owed Kast the sum of Thirty-Six Thousand Forty-Five and 90/100 Dollars ($36,045.90) ("**Kast Claim**") under the Original Agreement for services provided through the end of February 2024.  See Thomson Decl.  Also, as of the Petition Date, Kast owed Soundstack the sum of Fourteen Thousand Eight Hundred Ninety-Eight and 10/100 Dollars ($14,898.10) ("**Soundstack Claim**") under the Original Agreement for services provided through the end of January 2024. See Thomson Decl.

B.    **Bankruptcy And Settlement**

On March 13, 2024 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief in the United States Bankruptcy Court for the Central District of California (the "**Bankruptcy Court**") under chapter 11 of title 11 of the United States Bankruptcy Code ("**Bankruptcy Code**" or "**Code**"[1]).  The Debtor has elected to proceed as a subchapter V debtor. The Debtor commenced its chapter 11 case in good faith, with the intention to establish a plan of reorganization to timely pay its creditors in a manner to be overseen by the Court.

Debtor continues to manage its estate as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.  To date, no Examiner or Trustee has been appointed in Debtor's case.

Prepetition, the Debtor's operations were dramatically affected by downturns in the advertising industry, decreases in revenue and financial stress caused by structured deals

---

[1] 11 U.S.C. 101 *et seq*.  Unless otherwise noted, all statutory references herein shall refer to the Code.

with minimum guarantees due on shows that generated insufficient revenue to cover these amounts.  This financial stress was exacerbated by pre-petition state court litigation.

Debtor timely filed its Schedules and related statements on March 27, 2024 [Docket No. 13] ("**Schedules**").

The Parties have reached a consensual resolution of issues stemming from their pre-petition claims against each other by allowing Soundstack to offset the Soundstack Claim against the Kast Claim, and paying the balance of the Kast Claim to the Debtor in final settlement of outstanding prepetition obligations between the Parties. The terms of the Settlement are detailed in the settlement agreement ("**Settlement Agreement**") attached as ***Exhibit A***, and are summarized as follows:

a) The effective date ("**Effective Date**") of the Settlement Agreement will be the date that the agreement is fully executed, subject to Court approval.

b) Soundstack will pay the Debtor the sum of Twenty-One Thousand One Hundred Forty-Seven and 80/100 Dollars ($21,147.80) (the "**Settlement Payment**") within 10 days of the entry of a final nonappealable order from the Bankruptcy Court approving this Motion.

c) The payment of the Settlement Amount by Soundstack to Kast shall be in full and final settlement of all amounts the Parties owe each other under the Original Agreement.

a) The parties shall execute mutual releases of their pre-petition claims.

## III.    ARGUMENT

**A.    *The Settlement Reflects Sound Business Judgment and Is Fair, Reasonable and Beneficial to the Estate***

The authority granted to compromise a controversy is set forth in Rule 9019(a), which provides in pertinent part that "[o]n motion by the trustee and after notice and a hearing, a court may approve a compromise or settlement." FED. R. BANKR. P. 9019(a).  In passing on proposed settlements, the standard that courts applied under the former

Bankruptcy Act is also applicable under the Bankruptcy Code.  As stated by the Supreme Court in Protective Committee of Indep. Stockholders for TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 425 (1968), in order to approve a proposed settlement, a court must have found that the settlement was "fair and equitable" based on an "educated estimate of the complexity, expense, and likely duration of . . . litigation, the possible difficulties of collecting on any judgment which might be obtained and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise."

The Ninth Circuit has offered the following factors to be considered in determining whether to approve a settlement:

> [I]n determining the fairness, reasonableness and adequacy of a proposed settlement agreement, the Court must consider (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

Martin v. Kane (In re A & C Properties), 784 F.2d 1377, 1381 (9th Cir. 1986), *cert. denied sub nom.* Martin v. Robinson, 479 U.S. 854 (1986), *overruled in part on other grounds*, In re Washington Public Power Supply System Sec. Litigation, 823 F.2d 1349, 1350 (9th Cir. 1987).

In deciding whether to approve a settlement a court should not substitute its own judgment for the judgment of a trustee or a debtor.  See Matter of Carla Leather, Inc., 44 B.R. 457, 465 (Bankr. S.D.N.Y. 1984).  "It is sufficient that, after apprising itself of all facts necessary for an intelligent and objective opinion concerning the claims' validity, the court determines that either (1) the claim has a 'substantial foundation' and is not 'clearly invalid as a matter of law,' or (2) the outcome of the claims litigation is 'doubtful'." Mater of Walsh Const., Inc., 669 F.2d 1325, 1328 (9th Cir. 1982).  Thus, a court, in reviewing a proposed settlement, "is not to decide the numerous questions of law and fact . . . but rather to canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'"  In re W.T. Grant Co., 699 F.2d 599, 608 (2d Cir. 1983).  A

1  "mini-trial" on the merits of the underlying cause of action is not required.  <u>See</u> <u>In re Blair</u>,

2  538 F.2d 849, 851-52 (9th Cir. 1976); <u>In re Walsh Construction, Inc.</u>, 669 F.2d 1325, 1328

3  (9th Cir. 1982); <u>In re Schmitt</u>, 215 B.R. 417, 423 (9th Cir. B.A.P. 1997).

4  **B.**  ***Analysis***

5      The Debtor respectfully submits that the Settlement comports with the <u>A&C</u>

6  <u>Properties</u> standards as set forth above and is in the best interests of the Debtor's

7  bankruptcy estate and all of its creditors, as follows:

8      1.   <u>The Probability of Success In the Litigation</u>

9      Debtor believes that the proposed settlement is a permissible setoff under

10  Bankruptcy Code section 553, such that if the issues were litigated, the setoff would be

11  allowed.  Moreover, and given the cost of litigation of the relatively low amounts at issue,

12  probability of success and benefit to the estate from any resulting litigation over these

13  issues is uncertain, at best.  While there are currently no disputes with regard to the

14  prepetition amounts due between the Parties, the Debtor's operations require the

15  continued relationship between the parties related to the Revised Agreement.

16      Absent this Settlement, the estate could lose the ongoing revenue derived from the

17  Revised Agreement, and could incur substantial administrative fees in addressing and/or

18  litigating the pre-petition claims and obtaining a new sources of advertising revenue,

19  thereby diminishing the value of any payout to the estate. The uncertainty and –

20  significantly – the attendant delay and expense in connection with such contested matters,

21  warrants a settlement of the kind reached between the Parties. The Settlement resolves

22  the prepetition claims without any further expense to the estate, and the provides for a net

23  recovery for the estate. Therefore, the Debtor believes that the Settlement is in the best

24  interests of the estate under this factor.

25      2.   <u>Difficulties in Collection</u>

26      The impediments to collection of recovery on the Soundstack Claim include the

27  substantial expense of litigating the claim, and, if successful, the difficulty of enforcing a

28

judgment against Soundstack.   Given that the Settlement provides for a substantial Settlement Payment to the Debtor without further litigation or administrative expense, and settlement of issues that would otherwise cause the Debtor to incur substantial expense, this factor favors settlement.

### 3.    Complexity, Inconvenience, Delay, Expense Issues

As noted above, the pending issues resolved by the Settlement can be costly and time-consuming.  More fundamentally, all claims litigation has risks.  Other than obtaining approval of the Settlement, there is no further cost to the Debtor's estate under this Settlement. And, as noted above, the cost to the estate relative to the amount of money at issue is substantial.  Moreover, in the absence of the Settlement, the estate could lose the ongoing revenue from the Revised Agreement, and, at minimum, would be impacted by the expense of claims litigation, potentially diluting the amounts of payments to creditors.

As such, the Debtor respectfully submits that the Settlement provides the estate with the best result possible under any circumstances, results in a substantial Settlement Payment, and satisfies the "complexity, delay and expense of litigation" factor, and falls well above "the lowest point in the range of reasonableness."  In re W.T. Grant Co., 699 F.2d at 608.

### 4.    Creditors' Interests

The Settlement is in the best interests of creditors because it avoids claims litigation risk, expense, delay and associated administrative claims which would be paid before unsecured creditors, thereby significantly depleting funds available to other creditors as part of the Debtor's plan of reorganization.    Based on the foregoing, the Debtor submits that the Settlement —which resulted from good faith, arms' length negotiations — is in the best interest of creditors because it avoids the expense and delay associated with claims litigation, ensures the continued revenue from the Revised Agreement, and brings immediate cash into the estate for operations.  It is clear that the Settlement satisfies this factor.

**C.      Good Faith**

Debtor respectfully submits that the Settlement is made in good faith, as it represents a negotiated, arms-length agreement, where all sides were afforded the opportunity to consult with qualified, independent counsel.  Soundstack has no connection with the Debtor or its management or principals.  Accordingly, Debtor requests that this Court make a finding that the settlement is in good faith.

**D.      *Summary***

When taken together, the factors for approval of compromises, and the cost-benefit analysis they require, confirm that the terms of the Settlement are fair and equitable, in the best interest of the estate, and should be approved.  In re Agribiotech, Nos. CV-S-04-0975-PMP (LRL), et al., 2004 U.S. Dist. LEXIS 27629, at *16 (D. Nev. Sept. 27, 2004) (affirming approval of settlement where "[t]he Bankruptcy Court noted the parties arrived at the agreement through arms-length negotiations, that the Trustee and WCSR evaluated their relative claims and defenses, and that further litigation would be costly.").

Here, after an evaluation of the expense, inconvenience and delay inherent in the contested matters, the relevant legal standards and the interests of creditors, the Debtor has concluded that the Settlement falls well within a range of reasonableness, and, in its business judgment, is in the best interests of the estate and its creditors.  In light of all these factors, the Debtor believes that the benefit to the estate and its creditors is significant, and that it is in the best interest of all parties for the Court to approve the Settlement.

## IV.      RESERVATION OF RIGHTS

Nothing herein is intended to or should be construed as an admission or concession of any legal issue raised in or relating to any of the claims and issues discussed herein and in the Settlement.  Further, nothing herein is intended or should be construed as a modification of the Settlement; or an admission as to the validity of any claim against any Party other than as set forth in the terms of the Settlement above.

### V.    CONCLUSION

The Settlement has been negotiated in good faith and at arm's length between, and has been approved by, the Parties thereto.   The Settlement, if approved, will settle pending issues between the Parties, and avoids additional expense to the estate.   For all of these reasons, the Motion should be granted and the Settlement approved.

WHEREFORE, the Debtor respectfully requests that the Court enter an order:

1. affirming the adequacy of the Notice given herein;

2. granting this Motion in its entirety;

3. approving the Settlement as described herein;

4. authorizing the Parties to take all steps necessary to consummate the terms and conditions of the Settlement;

5. waiving the 14 day stay of effectiveness of this Order;

6. making a finding that the Settlement is in good faith; and

7. granting such other and further relief as the Court deems just and proper under the circumstances.

Dated: April 26, 2024

LESLIE COHEN LAW PC

By      */s/ Leslie A. Cohen*

Leslie A. Cohen
Attorneys for Debtor

1

## **DECLARATION OF COLIN THOMSON**

2

3        I, Colin Thomson, hereby declare as follows:

4        1.  I am over 18 years of age. I am the CEO of Kast Media, Inc., the Debtor and

5    Debtor-in-Possession ("**Debtor**") in the above-captioned bankruptcy case.  Unless

6    otherwise stated, I have personal knowledge or information of the facts set forth herein

7    and, if called as a witness, could and would testify competently thereto.  Where

8    statements are made upon information and belief, I believe them to be true and correct.

9        2.  I make this Declaration in support of the foregoing Motion to Approve Compromise

10   ("**Motion**").  Where terms are capitalized herein, they shall have the same meaning as

11   defined in the Motion.

12       3.  Soundstack is engaged in the business of providing hosting and advertising

13   services.

14       4.  Soundstack is an arms-length, third party with no connection to the Debtor or its

15   management.

16       5.  Pre-petition, Kast and Soundstack were parties to an agreement ("**Original**

17   **Agreement**") whereby Kast paid Soundstack for hosting services ("**Hosting Services**"),

18   and Soundstack paid Kast for advertising it deployed on Kast's podcasts ("**Advertising**

19   **Services**").  In January 2024, the Parties entered into a revised agreement ("**Revised**

20   **Agreement**") whereby Soundstack would continue to pay Kast for Advertising Services

21   but Soundstack would keep a larger split of the advertising revenue in return for

22   continuing to provide Hosting Services.

23       6.  As of the Petition Date, Soundstack owed Kast the sum of Thirty-Six Thousand

24   Forty-Five and 90/100 Dollars ($36,045.90) ("**Kast Claim**") under the Original Agreement

25   for services provided through the end of February 2024.  Also, as of the Petition Date,

26   Kast owed Soundstack the sum of Fourteen Thousand Eight Hundred Ninety-Eight and

27

28

10/100 Dollars ($14,898.10) ("**Soundstack Claim**") under the Original Agreement for services provided through the end of January 2024.

7. The Debtor commenced its chapter 11 case in good faith, with the intention to establish a plan of reorganization to timely pay its creditors in a manner to be overseen by the Court.

8. Prepetition, the Debtor's operations were dramatically affected by downturns in the advertising industry, decreases in revenue and financial stress caused by structured deals with minimum guarantees due on shows that generated insufficient revenue to cover these amounts. This financial stress was exacerbated by pre-petition state court litigation.

9. A true and correct copy of the Settlement Agreement is attached hereto as *Exhibit A*.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on this 26th day of April 2024 at _Los Angeles_, CA.

_____

Colin Thomson

Motion to Approve Compromise

## EXHIBIT A

**Settlement Agreement**

This Settlement Agreement (the "Agreement") is entered into as of April 4, 2024, by and between Soundstack Inc., a Delaware     corporation with its principal place of business located at 6360 Broad Street #5398, Pittsburgh PA 15206     ("Soundstack"), and Kast Media Inc, a Delaware corporation with its principal place of business located at 7111 Hayvenhurst Ave, Van Nuys, CA 91406 ("Kast Media").

Recitals

WHEREAS, Soundstack is engaged in the business of providing hosting and advertising services, and Kast Media is engaged in the business of producing podcasts;

WHEREAS, Soundstack owes Kast Media the sum of Thirty-Six Thousand Forty-Five and 90/100 Dollars ($36,045.90) for advertising services provided by Kast Media through the end of February 2024;

WHEREAS, Kast Media owes Soundstack the sum of Fourteen Thousand Eight Hundred Ninety-Eight and 10/100 Dollars ($14,898.10) for hosting service fees incurred through the end of January 2024, and as of February 2024, Kast Media is no longer incurring ongoing fees with Soundstack;

WHEREAS, both parties desire to settle their respective debts by allowing Soundstack to pay the difference between the two amounts, thereby settling all outstanding obligations to the end of February 2024.

NOW, THEREFORE, in consideration of the mutual covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and subject to bankruptcy court approval, the parties agree as follows:

1. Settlement Amount. Soundstack shall pay to Kast Media the sum of Twenty-One Thousand One Hundred Forty-Seven and 80/100 Dollars ($21,147.80) (the "Settlement Amount") within 10 days of a court order approving this Agreement. The payment of the Settlement Amount by Soundstack to Kast Media shall be in full and final settlement of all amounts owed by Soundstack for advertising through the end of February 2024 and by Kast Media for hosting service fees through the end of January 2024.

2. Payment Terms. The Settlement Amount shall be paid via ACH payment, and upon receipt of such payment, Kast Media shall provide Soundstack with a written acknowledgment of payment and release from any further obligation related to the settled amounts.

3. Ongoing Business Relationship. The parties acknowledge that Soundstack will continue to generate revenue for Kast Media and will pay out according to their existing agreement. No other payment will be required by Kast for the services covered up to the end of February 2024.

4. Mutual Release and Waiver; Representations and Covenants    .

    a.  Conditioned solely upon the fulfillment of all of the terms and conditions of Section 1 and Section 2 of this Agreement, SoundStack and Kast Media, on behalf of themselves and their past, current, and future members, shareholders, employees, officers, directors, subsidiaries, parent entities, attorneys, principals, trustees, representatives, agents, partners, affiliates, predecessors, successors, operating partnerships, general partners, divisions, insurers, reinsurers, assigns, heirs, estates, executors, associates, and administrators hereby fully, finally, and forever release, discharge, and acquit each other, each other's subsidiaries, affiliates, and successors, and each other's respective past, current, and future members, shareholders, employees, officers, directors, subsidiaries, parent entities, attorneys, principals, trustees, representatives, agents, partners, affiliates, predecessors, successors, operating partnerships, general partners, divisions, insurers, reinsurers, assigns, heirs, estates, executors, associates and administrators from any and all claims, suits, obligations, costs, damages, losses, claims for sums of money, contracts, controversies, agreements, judgments, and demands whatsoever, rights, liabilities, actions, and causes of action of any nature, known or unknown, suspected or unsuspected, at law or in equity, fixed or contingent, which it now has or may claim to have (collectively, "Claims") arising out of, based upon, attributable to, or in connection with the Settlement Amount and the Agreement.  It is the intention of the Parties that the foregoing releases and discharges shall be effective as bars to all Claims of whatever character, nature and kind, known or unknown, suspected or unsuspected, hereinabove specified to be so barred.

    b.  Each Party hereby represents and warrants to each other that it has not assigned, transferred, hypothecated, pledged, or conveyed, or purported to assign, transfer, hypothecate, pledge, or convey, to any person or entity whomsoever, any right, title, interest, or Claim that it may have, or may at one time have had, in any matters covered by the release contained in this Section 4.

    c.  The Parties covenant, from now and in perpetuity, not to sue or file any grievances, claims, complaints, or lawsuits and not to assign, in whole or in part, the right to sue or file any Claim against each other in connection with the matters covered by the release contained in this Section 4.

5. Confidentiality. The terms and conditions of this Agreement shall be kept confidential by both parties, and shall not be disclosed to any third party without the prior written consent of the other party, except as required by law.

6. Entire Agreement. This Agreement constitutes the entire agreement between the parties with respect to the subject matter hereof and supersedes all prior agreements, understandings, negotiations, and discussions, whether oral or written, of the parties.

7. Governing Law. This Agreement shall be governed by and construed in accordance with the laws of the State of [Enter State], without giving effect to any choice or conflict of law provision or rule.

IN WITNESS WHEREOF, the parties hereto have executed this Settlement Agreement as of the date first above written.

Soundstack Inc.                     Kast Media LLC

By:_____    By:_____

Name:                               Name:

Title:                              Title:

Date:                               Date:

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1615-A Montana Avenue, Santa Monica, CA 90403

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION TO APPROVE COMPROMISE BETWEEN THE DEBTOR AND SOUNDSTACK, INC. PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019; DECLARATION OF COLIN THOMSON** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 4/26/2024 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Kathleen A Cashman-Kramer    kcashman-kramer@fennemorelaw.com, theresam@psdslaw.com
Russell Clementson    russell.clementson@usdoj.gov
Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
Andrew W. Levin (TR)    andy@fairpointllc.com, C198@ecfcbis.com
Samuel R Maizel    samuel.maizel@dentons.com,
alicia.aguilar@dentons.com;docket.general.lit.LOS@dentons.com;tania.moyron@dentons.com;kathryn.howard@dentons.com;joan.mack@dentons.com;derry.kalve@dentons.com
Gary B Rudolph    grudolph@fennemorelaw.com,
bkstaff@sullivanhill.com;vidovich@ecf.inforuptcy.com;rudolph@ecf.courtdrive.com;kcashman-kramer@fennemorelaw.com;ejames@fennemorelaw.com;james@ecf.courtdrive.com
United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 4/26/2024 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Soundstack Inc.
Attn: Michael Reznick
6360 Broad Street #5398
Pittsburgh PA 15206

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)___ ____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.        ☐ Service information continued on attached page
I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 4/26/2024 | Clare Hendricks | /s/ Clare Hendricks |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Label Matrix for local noticing
0973-1
Case 1:24-bk-10396-MB
Central District of California
San Fernando Valley
Fri Apr 26 07:38:14 PDT 2024

East Media Inc
PO Box 8175
Van Nuys, CA 91409-8175

San Fernando Valley Division
21041 Burbank Blvd,
Woodland Hills, CA 91367-6606

APM Music
6255 W Sunset Blvd
Ste 900
Hollywood, CA 90028-7458

AYYDUBS LLC
20 Jay Street
Brooklyn, NY 11201-8301

AYYDUBS LLC
c/o Carl Lehman,
4655 Executive Dr., Ste. 700
San Diego, CA 92121-3128

Adswizz Inc
489 S El Camino Real
San Mateo, CA 94402-1727

Arcadian Vanguard
Attn: Brian Last
8 Beacon Hill Dr
Chester, NJ 07930-3000

Banner & Witcoff, Ltd.
71 South Wacker Drive
Suite 3600
Chicago, IL 60606-7437

Bardic Enterprises, LLC
c/o UTA Attn: Accounting
9336 Civic Center Drive
Beverly Hills, CA 90210-3604

Bella Blue Productions Inc
3240 Porter Lane
Ventura, CA 93003-4819

Big Head Baby Inc
4682 Mioland Drive
Los Angeles, CA 90043-2011

Brandon Klein
4018 Winterset Lane
West Bloomfield, MI 48323-3150

CBS Interactive Inc.
235 Second Street
San Francisco, CA 94105-3124

Charles J. Huebner
1406 Via Coronel
Palos Verdes Peninsula, CA 90274-1940

Chartable Holding Inc
535 5th Avenue
Floor 16
New York, NY 10017-3689

Chatty Broads, LLC
c/o UTA Attn: Accounting
9336 Civic Center Drive
Beverly Hills, CA 90210-3604

Clara Vista
Clara Vista Investment Partners
Attention: William Hapworth
450 Lexington Avenue, 4th Floor
New York, NY 10017-3912

Dan Murrell Podcast
Daniel Murrell
103 Keystone Lane
Maumelle, AR 72113-5958

EPGR Lawyers
12121 Wilshire Blvd Ste 600
Los Angeles, CA 90025-1188

Edlin Gallagher Huie and Blum LLP
515 S. Flower Street Suite 1020
Los Angeles, CA 90071-2212

Elevated Train, Inc.
4208 Overland Avenue
Culver City, CA 90230-3736

Eleven Eleven O'Clock Corporation
c/o UTA Attn: Accounting
9336 Civic Center Drive
Beverly Hills, CA 90210-3604

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

Franchise Tax Board
Bankruptcy Section, MS: A-340
P. O. Box 2952
Sacramento, CA 95812-2952

Glaser Weil
c/o Maritza Ponce
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067-6219

Goofball, Inc
2029 Century Park East
Suite 1500
Los Angeles, CA 90067-2935

Hansen Jacobson et al.
450 N. Roxbury Dr 8th Floor
Beverly Hills, CA 90210-4222

Happy Sad Confused - Josh Horowitz
60 West 57th st
Apt. 11D
New York, NY 10019-3953

Hattiewood Entertainment, Inc.
2000 Avenue of the Stars
Los Angeles, CA 90067-4700

InVoice Productions Ltd
9336 Civic Center Drive
Beverly Hills, CA 90210-3604

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Jarod Einsohn
4400 Barnsley Drive
Plano, TX 75093-3275

Jason Ellis Inc.
1880 Century Park East
Suite 1600
Los Angeles, CA 90067-1661

Jeff Wolman
4208 Overland Avenue
Culver City, CA 90230-3736

Jeremy Kryt
151 E. 74th Lane
Lynden, WA 98264-9484

Jive PR Inc
2701 Ocean Park Blvd
Suite 220
Santa Monica, CA 90405-5237

John Campea Show Podcast
434 Termino Ave.
Corona, CA 92879-1128

Katie Curtright
13322 Huston Street, Unit B,
Sherman Oaks, CA 91423-2030

Kyle Tekiela
12102 Otsego St,
Valley Village, CA 91607-3006

Larry Shuman
c/o Adam Hoover Hoover Financial
5877 Pine Avenue Suite 200
Chino Hills, CA 91709-6543

Lightning Bugs
C/O Citrin Cooperman
529 5th AVE 4th FL
New York, NY 10017-4674

Lyrcal Media
241-5 Centre Street
3rd Floor
New York, NY, 10013

Manatt, Phelps & Phillips, LLP
Attn: Richard McDerby
2049 Century Park East, Suite 1700
Los Angeles, CA 90067-3119

Maverick Media
1880 Century Park East #950
Los Angeles, CA 90067-1612

Megatrax
4450 West Lakeside Drive #380
Burbank, CA 91505-4086

Metaphysical Milkshake
c/o UTA Attn: Accounting
9336 Civic Center Drive
Beverly Hills, CA 90210-3604

Monkey Spunk Inc.
c/o Don Buchwald & Associates
10 E 44th St
New York, NY 10017-3601

Network One, LLC
5432 Hermitage Ave. #202
Valley Village, CA 91607-6114

Nicholas Viall, LLC
c/o UTA Attn: Accounting
9336 Civic Center Drive
Beverly Hills, CA 90210-3604

Nugget Productions, Inc.
c/o UTA Attn: Accounting
9336 Civic Center Dr.
Beverly Hills, CA 90210-3604

On Brand with Donny Deutsch
FSO Donny Deutsch c/o WME Entertainment
9601 Wilshire Blvd 3rd Fl
Beverly Hills, CA 90210-5219

One Eyed Dog Inc.
c/o Optimism Ent.
1600 Rosecrans Ave Bldg. 1A 2nd Fl.
Manhattan Beach, CA 90266-3708

Pineapple Street Studios
81 Willoughby St.
Suite 801
New York, NY 11201-5237

Rajan Desai
c/o Miller Company
407 N. Maple Dr. Suite 100
Beverly Hills, CA 90210-4274

Rezinate Ent LLC
1844 SW 24th Terrace
Miami, FL 33145-3838

Richard Maclean Smith
c/o UTA Attn: Accounting
9336 Civic Center Dr.
Beverly Hills, CA 90210-3604

Sacker Entertainment Law
c/o Scott L. Adair, CPA
Provident Financial Management
12100 Wil
Los Angeles, CA 90025

Scott Porch
203 E. 65th St.
Savannah, GA 31405-5308

Star Wars Explained - Alex Damon
1376 Mandalay Ct SW
Lilbum, GA 30047-8930

SupportingCast
2049 Century Park East, Suite 2300
Los Angeles, CA 90067-3125

Theo No Inc
c/o Goodfriend & Jacobs
1299 Ocean Ave #333
Santa Monica, CA 90401-1057

Tony Hawk, Inc.
1611-A South Melrose Drive #362
Vista, CA 92081-5407


Triton Digital Inc
312 Walnut Street STE 2800
Cincinnati, OH 45202-4019

Twenty Nine Enterprises
111 West 68th St #2A
New York, NY 10023-5175

United States Trustee (SV)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560


Untitled Entertainment, LLC
200 Park Avenue South 8th Fl
New York, NY 10003-1526

Was it Real?
The Hills Rewatch - Audrina Patridge
13650 Rosecrans Avenue
Santa Fe Springs, CA 90670-5025

Was it Real?
The Hills Rewatch - Brody Jenner
21731 Ventura Blvd Ste 300
Woodland Hills, CA 91364-1851


Was it Real?
The Hills Rewatch - Frankie Delgado
10525 Camarillo St.
Toluca Lake, CA 91602-1527

Was it Real?
The Hills Rewatch - Heidi Montag
c/o Kyell Thomas
1840 Century Park East
Los Angeles, CA 90067-2101

X1T, LLC
c/o Turner Dhillon LLP
Attn: Asha Dhillon
707 Wilshire Blvd, St
Los Angeles, CA 90017-3599


Your Mom and Dad LLC
c/o UTA Attn: Accounting Department
9336 Civic Center Drive
Beverly Hills, CA 90210-3604

Zodiac Heating & Air Conditioning Inc
14411 Gilmore Street
Santa Monica, CA 90401

Leslie A Cohen
Leslie Cohen Law PC
1615-A Montana Ave
Santa Monica, CA 90403-1807


Moriah Douglas Flahaut (TR)
555 W. Fifth Street, 48th Floor
Los Angeles, CA 90013-1065