Asha Dhillon (Cal. Bar No. 205461)
adhillon@turnerdhillon.com
**TURNER DHILLON LLP**
707 Wilshire Blvd., Suite 3250
Los Angeles, California 90017
Telephone:  (213) 373-5502
Facsimile:   (213) 373-5599

Attorneys for X1T, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| *In re*<br><br>KAST MEDIA INC.<br><br>Debtor and<br>Debtor in Possession | **Case No.   1:24-bk-10396-MB**<br><br>**OBJECTION OF X1T, LLC TO MOTION FOR ORDER EXTENDING THE AUTOMATIC STAY TO NON-DEBTOR DEFENDANT TO ARBITRATION; DECLARATION OF ASHA DHILLON; PROOF OF SERVICE**<br><br>**Date:          May 18, 2024**<br>**Time:         1:30 p.m.**<br>**Courtroom:  303** |

**TO THE COURT, DEBTOR, AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

PLEASE TAKE NOTICE that X1T, LLC (X1T), hereby objects to the "Motion for an Order Extending the Automatic Stay to Non-Debtor Defendant [Colin Thomson] to Arbitration" (Motion).  Pursuant to Local Bankruptcy Rule 9013-1(f)(2), any reply to this objection must be filed with the court and served on the responding party not later than seven days prior to the hearing on the motion.

1

1    Debtor and Debtor-in-Possession Kast Media, Inc.'s (Kast) Motion lacks

2    merit and includes materially false information concerning the JAMS arbitration entitled

3    *X1T, LLC v. Kast Media, LLC and Colin Thomson* (JAMS Case No. 522001331)

4    (hereinafter "the X1T Arbitration").  Therefore, X1T respectfully requests that Kast's

5    Motion be denied.

6    ### I.    KAST'S MOTION IS NOT SUPPORTED BY FACT

7    In the declaration filed in support of Kast's Motion, non-debtor Colin

8    Thomson declares, under penalty of perjury, that the "X1T case is being aggressively

9    litigated, with multiple depositions and extensive discovery," and therefore, an extension

10    of the automatic stay to non-debtor Thomson is warranted.  (Motion, p. 4; Thomson

11    Decl. ¶ 6.)  This is inaccurate.  No depositions have occurred to date in the X1T

12    Arbitration, nor are any depositions scheduled to occur.   (Dhillon Decl. ¶ 3.)

13    Additionally, X1T has not propounded any written discovery in the X1T Arbitration.

14    (Dhillon Decl. ¶ 4.)  Further, Kast's assertion that "X1T's claims against Thomson are

15    the same as those alleged against the debtor" is also inaccurate.  (Motion, p. 4.)  X1T's

16    claim for fraud against Mr. Thomson is independent of any claims against Kast.

17    Therefore, Kast's Motion is not supported by fact and should be denied.

18    ### II.    KAST'S MOTION IS NOT SUPPORTED BY THE LAW

19    The bankruptcy of one defendant in a multidefendant case does not stay the

20    case as to the remaining defendants.  *See In re Miller*, 262 B.R. 499, 503-504 & n. 6 (9th

21    Cir. B.A.P 2001); *Fortier v. Dona Anna Plaza Partners,* 747 F.2d 1324, 1329-30 (10th

22    Cir. 1984); *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2nd Cir. 2003).  A plaintiff,

23    at its option, may proceed in litigation against a non-debtor party even where a co-

24    defendant has declared bankruptcy: "[w]ith limited exceptions, the automatic stay

25    protects only the debtor, the debtor's estate and some property of the debtor … [i]t does

26    not prohibit the debtor's creditors from taking actions against non[-]debtors (e.g.,

27    partners, guarantors, etc.), even where the non[-]debtors are closely related to the

28    debtor."  Kathleen March and Janel A. Shapiro, Cal. Prac. Guide Bankruptcy Ch. 8(I)-

1  B, 8:100 (Rutter 2023) (citing *In re Chugach Forest Products, Inc.,* 23 F.3d 241, 246

2  (9th Cir. 1994); *see also United States v. Dos Cabezas Corp.*, 995 F.2d 1486, 1491-92

3  (9th Cir. 1993); *In re Advanced Ribbons & Office Products, Inc.*, 125 B.R. 259, 263 (9th

4  Cir. B.A.P 1991).

5          Although X1T's claims against Kast were automatically stayed and may be

6  resolved by this Court (either by the claim administration process, plan of reorganization,

7  etc.), that does not impair X1T's ability to pursue all of its rights and remedies for fraud

8  against non-debtor Thomson in the X1T Arbitration, which is an independent obligation

9  and not dependent on Kast's liability to X1T.  Mr. Thomson has not personally filed for

10  bankruptcy, and there is no basis to extend the automatic stay to claims against Mr.

11  Thomson individually.

12                    **III.    CONCLUSION**

13          Accordingly, for at least these reasons, the Court should deny Kast's motion

14  for order extending the automatic stay to non-debtor Colin Thomspon in the pending

15  JAMS arbitration *X1T, LLC v. Kast Media, LLC and Colin Thomson* (JAMS Case No.

16  522001331).

17

18  Dated:  May 14, 2024                    TURNER DHILLON LLP

19

20                                          By:  ___/s/ Asha Dhillon_____
21                                               Asha Dhillon
                                                 Attorneys for X1T, LLC
22

23

24

25

26

27

28

1

## DECLARATION OF ASHA DHILLON

2          I, Asha Dhillon, declare that:

3          1.     I am an attorney duly licensed to practice before all of the Courts of

4    the State of California, and before this Court.  I am a partner of Turner Dhillon LLP, and

5    I am counsel for X1T, LLC.  I have personal knowledge of the facts stated herein, and

6    could and would testify competently thereto if sworn as a witness.

7          2.     I am counsel of record for X1T, LLC in the JAMS arbitration entitled

8    *X1T, LLC v. Kast Media, LLC and Colin Thomson* (JAMS Case No. 522001331)

9    (hereinafter "the X1T Arbitration").

10         3.     No depositions have occurred to date in the X1T Arbitration, nor are

11   any depositions scheduled to occur.

12         4.     X1T has not propounded any written discovery in the X1T

13   Arbitration.

14         I declare under penalty of perjury under the laws of the United States of

15   America that the foregoing is true and correct.

16         Executed on May 14, 2024, at Los Angeles, California.

17

                                   /s/ Asha Dhillon
18                              _____
                                   Asha Dhillon

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

707 Wilshire Boulevard, Suite 3250
Los Angeles, CA 90017

A true and correct copy of the foregoing document entitled (*specify*):  OBJECTION OF X1T, LLC TO MOTION FOR
ORDER EXTENDING THE AUTOMATIC STAY TO NON-DEBTOR DEFENDANT TO ARBITRATION; DECLARATION
OF ASHA DHILLON; PROOF OF SERVICE
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
05/14/2024_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

Russell Clementson        russell.clementson@usdoj.gov
Leslie A. Cohen           leslie@lesliecohenlaw.com,
Moriah Douglass Flahaut (TR)   douglas.flahaut@arentfox.com
United States Trustee (SV) ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*)   05/14/2024_____, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

The Office of the United States Trustee, 915 Wilshire Blvd., Suite 1850, Los Angeles, CA 90017

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 05/14/2024 | Asha Dhillon | /s/ Asha Dhillon |
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**