Leslie A. Cohen, Esq. (SBN: 93698)
    leslie@lesliecohenlaw.com
J'aime Williams Kerper Esq. (SBN 261148)
    jaime@lesliecohenlaw.com
LESLIE COHEN LAW, PC
1615-A Montana Ave.
Santa Monica, CA 90403
Telephone:  (310) 394-5900
Facsimile:  (310) 394-9280

Attorneys for Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re<br><br>KAST MEDIA, INC,<br><br>                Debtor | Case No. 1:24-bk-10396-MB<br><br>Chapter 11<br><br>**OBJECTION TO EX PARTE APPLICATION FOR ORDER PERMITTING DEPOSITIONS OF THIRD PARTY WITNESSES IN CONTESTED MATTER TO PROCEED REMOTELY UNDER FRCP 30(b)(4); DECLARATION OF LESLIE COHEN**<br><br>No hearing set |

TO THE HONORABLE MARTIN BARASH, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE U.S. TRUSTEE; AND ANY PARTIES IN INTEREST:

    Kast Media, Inc. (the "**Debtor**"), debtor and debtor-in-possession in the above-captioned chapter 11 bankruptcy case, hereby objects to the *Ex Parte Application For Order Permitting Depositions of Third Party Witnesses in Contested Matter to Proceed*

1

*Remotely Under FRCP 30(b)(4)*("**Application**") [Docket No. 104] filed by Arcadian Vanguard, LLC ("**Arcadian**") as follows:

## I. BACKGROUND

Arcadian holds a $250,442.79 unsecured claim against the Debtor. See Proof of Claim No. 5 and Debtor's Ch. 11 Plan at Docket No. 71. On August 1, 2024, Arcadian examined Colin Thomson ("**Thomson**"), the Debtor's representative, under FRBP 2004 for more than 7 hours regarding the Debtor and its finances in relation to the Debtor's Plan. See attached Declaration of Leslie Cohen ("**Cohen Decl**."). Prior to the examination, on July 15, 2024, the Debtor produced hundreds of pages of documents to Arcadian, including but not limited to contracts, bank statements, tax returns for the Debtor and Thomson personally, corporate minutes and records, and financial records. See Cohen Decl. Following the 2004 examination, the Debtor and Arcadian prepared a *Stipulation Re Discovery Dispute As To 2004 Document Requests from Debtor* ("**Discovery Stip**") which has yet to be set for hearing or ruled upon by the Court. See Docket No. 97.

Despite the documents and discovery it has already received, and which it may still receive (or which this Court may rule it is not entitled to) depending on the outcome of the Discovery Stip, Arcadian has engaged in scorched earth discovery tactics, noticing six (6) separate Subpoenas Duces Tecum seeking documents from Podcast One and five (5) individuals who previously and/or currently provide bookkeeping and/or accounting services from the Debtor ("**Document Subpoenas**"). See Docket Nos. 98-103. The Document Subpoenas are unduly burdensome, not narrowly tailored and appear to be a broad fishing expedition for irrelevant information. All of the Document Subpoenas demand production by August 23, 2024, however, there is currently no information as to whether service has been executed, indicating that the parties have an unreasonably short time to comply with the subpoenas.

Additionally, on August 8, 2024, Arcadian filed the Application which seeks permission to take the depositions of the same third parties named in the Document

2

1  Subpoenas, allegedly in order to "evaluate the Debtor's assets, financial affairs and
2  propriety as to management, fraudulent transfers, and determine claims necessary to help
3  determine feasibility of the Debtor's proposed plan." Application 2:19-22.  The Application
4  goes on to claim that the five individuals and one entity Arcadian seeks to depose, at least
5  half of whom reside on the East Coast, will somehow assist in Arcadian's evaluation
6  because a separate entity (Podcast One) has a contract with the Debtor, and the five
7  individuals are either bookkeepers or accountants for the Debtor – a non sequitur at best.
8  Application 12-18.  The Application also accuses the Debtor of refusing to produce
9  documents related to the Podcast One contract, when Arcadian is aware that the
10 Discovery Stip is pending, in which the Debtor, already having produced the Podcast One
11 contract itself, disputes the relevance of several of the underlying documents preceding
12 the formation of the contract, which Arcadian is seeking.
13      Despite there being no ruling on the Application, on August 14, 2024, Arcadian
14 noticed the depositions of Podcast One and Howard Elyashar for August 28 and August
15 30 respectively ("**Disposition Notices**").  See Docket Nos. 111, 112.   The Deposition
16 Notice for Podcast One lists eleven (11) matters that will be the subject of the deposition,
17 which go far beyond any relevancy to the Debtor's Plan, including but not limited to, the
18 Podcast One agreement with the Debtor (which has already been produced), stock
19 ownership in Podcast One and the Debtor (which are potentially privileged as to Podcast
20 and have already been disclosed as to the Debtor), communications specifically related to
21 Arcadian, and Podcast One's due diligence.  See Docket No. 112.  The Deposition Notice
22 for Howard Elyashar fails to designate any matters for deposition.  See Docket No. 111.
23 Once again, there is no indication that the deposition subpoenas have been served or
24 what, if any, notice thereof will be provided to the proposed deponents.
25                             **II.    DISCUSSION**
26     "[T]he court has broad discretion to control of discovery in civil proceedings
27 pursuant to Federal Rule of Civil Procedure 26(b)(1) and (2), which are made applicable
28

to this contested matter by Federal Rules of Bankruptcy Procedure 7026 and 9014." In re Trinh, No. 2:18-BK-11475-RK, 2022 WL 1769135, at *3 (Bankr. C.D. Cal. May 31, 2022)

Further, Federal Rule of Civil Procedure 26(b)(2)(C)(iii) provides: "On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that ... (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."

"Discovery requests are unduly burdensome when they are "not narrowly tailored, request confidential information and appear to be a 'broad fishing expedition for irrelevant information." In re Path Network, Inc., 703 F. Supp. 3d 1046 (N.D. Cal. 2023) (internal citations omitted).

Here, the Application should be denied, and the Deposition Notices rendered moot, for several reasons.

First, the Application fails to explain how harassing the Debtor's former and current bookkeepers, and the entity which creates the majority of the Debtor's revenue, is justified or relevant to the Debtor's Plan. As is clear from the matters listed in the Podcast One Deposition Notice, Arcadian is seeking irrelevant and confidential information such as Podcast One's due diligence information, that is entirely irrelevant to the feasibility of the Debtor's Plan or its financials.

Second, Arcadian has already received hundreds if not thousands of pages of financial records from the Debtor, and conducted a 2004 examination of the Debtor. Again, the Application fails to demonstrate any need to harass Podcast One and the individuals listed in the Application when the documents have already been produced by the Debtor or are subject to the Discovery Stip.  If Arcadian prevails in the Discovery Stip, then it has no need to harass third parties.  If it does not prevail, then its Application and Document Subpoenas are nothing more than an improper end run around Arcadian's discovery with the Debtor.

Third, Arcadian improperly issued the Deposition Notices without obtaining Court approval of this Application.

4

Fourth, as Arcadian just noticed depositions for August 28 and 30th, and there is no evidence of service, it is necessarily setting depositions on unreasonable notice.

Finally, as the foregoing discussion demonstrates, Arcadian has made no effort to comply with Rule 45(d) which provides:

> (d) Protecting a Person Subject to a Subpoena; Enforcement.
> (1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

Instead, Arcadian has attempted to subpoena unnecessary and superfluous discovery on non-parties with minimal notice, intimidating them with improper subpoenas and without making any effort to either streamline the requests or determine what they really will need following a ruling on their discovery dispute with the Debtor. Accordingly, the Motion should be denied.

### III.   CONCLUSION

For the reasons stated herein, the Debtor respectfully requests that the Court enter an order denying the Application and providing for any other relief the Court shall deem just and proper under the circumstances.

Dated: August 15, 2024                                Leslie Cohen Law, PC


                                                     */s/ Leslie A. Cohen*
                                                     Leslie A. Cohen
                                                     Counsel for Debtor in Possession

# DECLARATION OF LESLIE A. COHEN

I, Leslie A. Cohen, declare as follows:

1. I am a member, in good standing, of the Bar of the State of California, and I am admitted to practice before, among other courts, the United States District Court for the Central District of California. I am the president and sole shareholder of Leslie Cohen Law, PC (the "**Firm**"), attorneys for Kast Media Inc. in this chapter 11 case. I have personal knowledge of the matters set forth below and, if called to testify, I would and could competently testify thereto.

2. On August 1, 2024, Arcadian examined Colin Thomson ("**Thomson**"), the Debtor's representative, under FRBP 2004 for more than 7 hours regarding the Debtor and it finances in relation to the Debtor's Plan. Prior to the examination, on July 15, 2024, my office, on behalf of the Debtor, produced hundreds of pages of documents to Arcadian, including but not limited to contracts, bank statements, tax returns for the Debtor and Thomson personally, corporate minutes and records, and financial records

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 15th day of August 2024 at Santa Monica, CA.

*/s/ Leslie A. Cohen*
Leslie A. Cohen

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 1615-A Montana Ave, Santa Monica 90403

A true and correct copy of the foregoing document entitled (*specify*): **OBJECTION TO EX PARTE APPLICATION FOR ORDER PERMITTING DEPOSITIONS OF THIRD PARTY WITNESSES IN CONTESTED MATTER TO PROCEED REMOTELY UNDER FRCP 30(b)(4); DECLARATION OF LESLIE COHEN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ___8/15/2024___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Kathleen A Cashman-Kramer     kcashman-kramer@fennemorelaw.com, theresam@psdslaw.com
Russell Clementson     russell.clementson@usdoj.gov
Leslie A Cohen     leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
Asha Dhillon     asha.dhillon@turnerdhillon.com
Moriah Douglas Flahaut (TR)     douglas.flahaut@arentfox.com, C194@ecfcbis.com
Samuel R Maizel     samuel.maizel@dentons.com, alicia.aguilar@dentons.com;docket.general.lit.LOS@dentons.com;tania.moyron@dentons.com;kathryn.howard@dentons.com;joan.mack@dentons.com;derry.kalve@dentons.com
Gary B Rudolph     grudolph@fennemorelaw.com, bkstaff@sullivanhill.com;vidovich@ecf.inforuptcy.com;rudolph@ecf.courtdrive.com;kcashman-kramer@fennemorelaw.com;ejames@fennemorelaw.com;james@ecf.courtdrive.com
United States Trustee (SV)     ustpregion16.wh.ecf@usdoj.gov     ☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) ___8/15/24___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8/15/24 | Clare Hendricks | /s/ Clare Hendricks |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012     **F 9013-3.1.PROOF.SERVICE**