| Attorney or Party Name, Address, Telephone & Fax Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Leslie A. Cohen, Esq. (SBN: 93698)<br>leslie@lesliecohenlaw.com<br>J'aime Williams Kerper, Esq. (SBN 261148)<br>jaime@lesliecohenlaw.com<br>LESLIE COHEN LAW, PC<br>1615-A Montana Avenue<br>Santa Monica, CA 90403<br>Telephone: (310) 394-5900<br>Facsimile: (310) 394-9280<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Debtor in Possession | |

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA – <u>SAN FERNANDO VALLEY</u> DIVISION**

| In re:<br><br>Kast Media, Inc.<br>    Debtor. | CASE NO. 1:24-bk-10396-MB<br><br>CHAPTER 11<br>(Subchapter V) |
|---|---|
| | **SUBCHAPTER V STATUS REPORT** |
| | <u>Status Conference</u>:<br><br>DATE: October 1, 2024<br>TIME: 1:30 p.m.<br>COURTROOM: Via ZoomGov<br>*Video/audio web address: https://cacb.zoomgov.com/j/1605818071*<br>*ZoomGov meeting number: 160 581 8071 Password: 844755*<br>*Telephone conference lines: 1 (669) 254 5252 or 1 (646) 828 7666* |

**Status Conference Location:**

☐     255 East Temple Street, Los Angeles, CA 90012

☐     411 West Fourth Street, Santa Ana, CA 92701

☒     21041 Burbank Boulevard, Woodland Hills, CA 91367

☐     1415 State Street, Santa Barbara, CA 93101

☐     3420 Twelfth Street, Riverside, CA 92501

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2021*                                                                                                    **F 2015-3.1.SUBV.STATUS.RPT**

- 1 -

**TO THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, THE SUBCHAPTER V TRUSTEE, ALL PARTIES IN INTEREST, AND THEIR COUNSEL:**

**PLEASE TAKE NOTICE** that the debtor and debtor-in-possession in this case ("Debtor") is proceeding under subchapter V of chapter 11 of Title 11 of the United States Code ("Bankruptcy Code" or "U.S.C."),[1] and the Bankruptcy Court will hold a status conference at the date, time, and place set forth above. The Debtor is filing this Status Report pursuant to 11 U.S.C. § 1188(c) and LBR 2015-3(b).[2] Check your presiding judge's procedures to see if, in addition to this Status Report, you must also file Local Form F 2081-1.1.C11.STATUS.RPT, or any other form of Status Report.

**1.    The Plan:**

　　1.1    What type of plan will the Debtor propose?

　　　　☒    Consensual (i.e., with agreement or consent of creditors and other interested parties)
　　　　☐    Nonconsensual[3]
　　　　☐    Undetermined

　　1.2    Explain why the Debtor expects the plan to be consensual or nonconsensual, or the reason why it is undetermined at this time:

　　　　*The deadline for submitting ballots accepting or rejecting the Debtors Plan. Current ballot tabulations reflect a 100% acceptance of Class 1 creditors, and for Class 3 General Unsecured Creditors, an acceptance rate of 84% in number and 82% in dollar amount.*

　　1.3    Will the Debtor file the plan within the deadline of 90 days from the petition date imposed by § 1189(b)?

　　　　☒    Yes, *Plan was filed 06/11/24*
　　　　☐    No

---

[1] Subchapter V of chapter 11 (11 U.S.C. §§ 1181-1195) was adopted by the Small Business Reorganization Act of 2019, Pub. L. No. 116-54, and became effective on February 19, 2020. All references to "Section" or "§" are to the Bankruptcy Code or Title 11 of the United States Code.

[2] "Not later than 14 days before the date of the status conference under subsection (a), the debtor shall file with the court and serve on the trustee and all parties in interest a report that details the efforts the debtor has undertaken and will undertake to attain a consensual plan of reorganization." 11 U.S.C. § 1188(c).

[3] The term "nonconsensual plan" for purposes of this Status Report means a plan confirmed under § 1191(b).

If "No," explain why, and state when the Debtor will file its[4] plan:

1.4 Please summarize the basic nature of the plan:

*The Debtor's plan is a reorganizing plan, which provides for general unsecured creditors to elect either to receive their pro rata share of $230,000 (which exceeds the Debtor's estimated 5-year net income) or convert their allowed claim into equity and receive their pro rata share of the 1,993,055 shares being contributed by Colin Thomson. The Debtor has no secured creditors.*

## 2. Efforts Toward Consensual Plan:[5]

2.1 Describe the efforts the Debtor has taken so far to obtain the consent of creditors for a consensual plan:

*The Debtor's solicitation package was served on 8/9/24. September 6, 2024 was the deadline for submitting ballots and objecting to the plan.*

2.2 Describe the efforts the Debtor will take in the future to obtain the consent of creditors for a consensual plan:

*The Debtor may enter into potential settlement discussions with disputed creditors.*

2.3 Describe the efforts that Debtor has taken so far to reach out to creditors and other parties in interest about a plan, and if none, explain the Debtor's reasons for not reaching out to creditors and parties in interest about a plan:

*The Debtor has reached out to creditors following service of the solicitation package, resulting in a consensual plan.*

2.4 Identify the parties with whom the Debtor has discussed a plan. Select all that apply:

- ☐ Secured creditors
- ☐ Priority creditors
- ☒ Unsecured creditors
- ☒ Equity interest holders
- ☒ The subchapter V trustee
- ☐ Others (describe:           )

---

[4] In this Status Report, "it" in referring to the Debtor also refers to "him" or "her."
[5] This Status Report does not ask the Debtor to disclose any confidential, secret, and/or privileged information. *See generally* 11 U.S.C. § 1188(c). Please govern your responses accordingly.

**3.     Appointment of Committees and Disclosure Statement:**

    3.1    In the Debtor's view, is there any "cause" for the Court to order the appointment of a committee of creditors pursuant to § 1181(b) and § 1102(b)?

        ☐    Yes
        ☒    No

        Explain your answer:

        *The Debtor currently has limited revenue which, although expected to increase in future months, should be reserved for distribution to creditors rather than on additional administrative expenses.*

    3.2    In the Debtor's view, is there any "cause" for the Court to order the filing of a separate disclosure statement pursuant to § 1181(b) and § 1125?

        ☐    Yes
        ☒    No

        Explain your answer:

        *N/A.*

**4.     Reporting Compliance:**

    4.1    Has the Debtor filed all the documents required under § 1187(a)?[6]

        ☒    Yes
        ☐    No

        If "No," identify the documents that were required to be filed[7] but were not:

        ☐    (a) the Debtor's most recent balance sheet

        ☐    (b) the most recent statement of the Debtor's operations

        ☐    (c) the Debtor's most recent cash-flow statement

        ☐    (d) the Debtor's most recent Federal income tax return

---

[6] The filing of this Status Report does not relieve the Debtor of the requirements of 11 U.S.C. § 1187(a) and § 1116(1)(A) to append the required documents to the bankruptcy petition.

[7] Section 1116(1) requires these documents to be "append[ed] to the voluntary petition."

Has the Debtor filed a statement under penalty of perjury that the Debtor has not prepared a balance sheet, statement of operations, and/or cash-flow statement and/or that Debtor has not filed its Federal income tax return as required by § 1116(1)(B)?

☐ Yes
☐ No
☒ Not applicable

If "Yes," identify each unprepared or unfiled document, and explain why the document was not prepared or filed and how the Debtor intends to prepare or file the document:

4.2 Has the Debtor filed all Small Business Monthly Operating Reports (Official Form B 425C) ("MORs") as required under § 308?

☒ Yes
☐ No

If "No," or if portions of the MORs are deficient, identify which portions are deficient or not reported fully:

☐ (a) Reports regarding Debtor's profitability

☐ (b) Reports regarding reasonable approximations of projected cash receipts and disbursements over a reasonable period

☐ (c) Reports regarding comparisons of actual cash receipts and disbursements with projections in prior reports

☐ (d) Reports regarding whether the Debtor is (i) in compliance in all material respects with postpetition requirements imposed by the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, and (ii) timely filing tax returns and other required government filings and paying taxes and other administrative expenses when due

☐ (e) Reports regarding Debtor's failure to make either of the reports in the immediately preceding paragraph (d) (as required by § 308(b)(5))

☐ (f) Reports regarding such other matters as are in the best interests of the Debtor and creditors, and in the public interest in fair and efficient procedures under chapter 11

    For any deficiencies in the MORs, identify each specific portion that is deficient, and explain why it is deficient and how Debtor intends to correct the deficiency:

**5.**   **Other Code Compliance:**

  5.1  Did the Debtor attend the initial debtor interview, the § 341(a) meeting of creditors, and otherwise comply with § 1116(2)?

    ☒  Yes
    ☐  No

    If "No," explain why and when the Debtor intends to comply with these requirements:

  5.2  Has the Debtor filed all schedules and statements of financial affairs, or otherwise complied with exceptions or extensions in § 1116(3)?

    ☒  Yes
    ☐  No

    If "No," explain why and when the Debtor intends to comply with these requirements:

  5.3  Has the Debtor maintained insurance customary and appropriate to the industry, subject to § 363(c)(2), in compliance with § 1116(5)?

    ☒  Yes
    ☐  No

    If "No," explain why and when the Debtor intends to comply with this requirement:

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2021*                             **F 2015-3.1.SUBV.STATUS.RPT**

- 6 -

5.4   Has the Debtor timely filed tax returns and other governmental filings with the appropriate governmental entities, and paid all taxes entitled to administrative expense priority required to be paid under § 1116(6)?

☒   Yes
☐   No

If "No," explain why the Debtor has not timely filed tax returns and other governmental filings or paid all required administrative expense priority taxes and when the Debtor intends to comply with these requirements:

5.5   Has the Debtor allowed the United States Trustee to inspect the Debtor's premises, books, and records, and otherwise complied with § 1116(7)?

☒   Yes
☐   No

If "No," explain why and when the Debtor intends to comply with this requirement:

6.   **Cash Collateral:**

6.1   Does any entity assert that any property of the bankruptcy estate constitutes its cash collateral?

☐   Yes
☒   No

If "Yes," identify each such entity and what is the property that the entity asserts is its cash collateral.

6.2   Is the Debtor currently using, selling, and/or leasing any property of the bankruptcy estate that any entity contends is its cash collateral?

☐   Yes
☒   No

If "Yes," identify each such entity and what is the property that the entity asserts is its cash collateral.

    6.3    Since the filing of this bankruptcy case, has the Debtor used, sold, and/or leased any property of the bankruptcy estate that an entity contends is its cash collateral?

        ☐    Yes
        ☒    No

        If "Yes," identify each such entity and what is the property that the entity asserts is its cash collateral.

    6.4    Has the Court approved any orders authorizing the use of cash collateral?

        ☐    Yes
        ☒    No

    6.5    Has every entity having any interest in cash collateral that is property of the bankruptcy estate consented to its use?

        ☐    Yes
        ☐    No
        ☒    Not applicable

**7.**    **"First Day" Motions:**

    7.1    Has the Debtor filed any of the following "first day" motions, if applicable:

        ☐    Cash collateral
        ☐    DIP financing
        ☐    Prepetition non-insider wage payments
        ☐    Cash management authority
        ☐    Utilities
        ☐    Limit notice
        ☐    Joint administration
        ☐    Critical vendor
        ☐    Others (describe: &lt;fill in&gt;)

    7.2    Do prepetition plan support agreements exist?

        ☐    Yes
        ☒    No

        If "Yes," attach copies to this Status Report.

**8.** **Additional Information:**

8.1 What additional information would the Debtor like to disclose to the Court concerning this chapter 11 case or the plan (e.g., executory contracts or unexpired leases, extending bar date for proofs of claims or interests, sale or surrender of real and/or personal property, the Debtor's exit strategy)?

The Debtor intends to file claim objections prior to the status conference and plan confirmation hearing. The claim objections should not affect balloting.

*[Signature(s) on Following Page]*

Dated: September 17, 2024

Respectfully submitted,

Leslie A. Cohen
Name of Debtor's Counsel

/s/ Leslie A. Cohen
Signature of Debtor's Counsel

Name of Law Firm: LESLIE COHEN LAW PC
Address:
1615-A Montana Avenue
Santa Monica, CA 90403
Telephone number: 310.395.5900
Email Address:
leslie@lesliecohenlaw.com

I/we declare, under penalty of perjury, that I/we have read and reviewed all of the information provided in this Status Report and that it is true, correct, and accurate.

Dated: September 17, 2024

Colin Thomson
Name of Debtor/Debtor Representative

CEO
Relation to Debtor

_____
Signature of Debtor/Debtor Representative

Dated: 9/17/24

_____
Name of Co-Debtor (if any)

_____
Signature of Co-Debtor

---

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1615-A Montana Ave. Santa Monica CA 90403

A true and correct copy of the foregoing document entitled (*specify*): **SUBCHAPTER V STATUS REPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ___9/17/2024___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Kathleen A Cashman-Kramer    kcashman-kramer@fennemorelaw.com, theresam@psdslaw.com
Russell Clementson    russell.clementson@usdoj.gov
Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
Asha Dhillon    asha.dhillon@turnerdhillon.com
Moriah Douglas Flahaut (TR)    douglas.flahaut@arentfox.com, C194@ecfcbis.com
Samuel R Maizel    samuel.maizel@dentons.com, alicia.aguilar@dentons.com;docket.general.lit.LOS@dentons.com;tania.moyron@dentons.com;kathryn.howard@dentons.com;joan.mack@dentons.com;derry.kalve@dentons.com
Matthew J Matern    mmatern@maternlawgroup.com, lolarra@maternlawgroup.com;ereyes@maternlawgroup.com;rsuh@maternlawgroup.com;jboxer@maternlawgroup.com
Gary B Rudolph    grudolph@fennemorelaw.com, bkstaff@sullivanhill.com;vidovich@ecf.inforuptcy.com;rudolph@ecf.courtdrive.com;kcashman-kramer@fennemorelaw.com;ejames@fennemorelaw.com;james@ecf.courtdrive.com
United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov    ☐ Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>**:
On (*date*) 9/17/2024____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 9/17/2024 | Clare Hendricks | /s/ Clare Hendricks |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                **F 9013-3.1.PROOF.SERVICE**

United States Trustee
915 Wilshire Blvd, Suite 1850
Los Angeles, CA, 90017

**20 Largest Unsecured Creditors**

Chatty Broads, LLC
c/o UTA Attn: Accounting
9336 Civic Center Drive
Beverly Hills, CA, 90210

Theo Von Inc.
c/o Goodfriend & Jacobs
1299 Ocean Ave #333
Santa Monica, CA, 90401

Bardic Enterprises, LLC
c/o UTA Attn: Accounting
9336 Civic Center Drive
Beverly Hills, CA, 90210

Maverick Media
1880 Century Park East #950
Los Angeles, CA, 90067

Goofball, Inc
2029 Century Park East
Suite 1500
Los Angeles, CA, 90067

Eleven Eleven O'Clock
Corporation
c/o UTA Attn: Accounting
9336 Civic Center Drive
Beverly Hills, CA, 90210

Nicholas Viall, LLC
c/o UTA Attn: Accounting
9336 Civic Center Drive
Beverly Hills, CA, 90210

Arcadian Vanguard
Attn: Brian Last
8 Beacon Hill Dr
Chester, NJ, 07930-3000

CBS Interactive Inc.
235 Second Street
San Francisco, CA, 94105

Your Mom and Dad LLC
c/o UTA
Attn: Accounting Department
9336 Civic Center Drive
Beverly Hills, CA, 90210

SupportingCast
2049 Century Park East
Suite 2300
Los Angeles, CA, 90067

Hattiewood Entertainment,
Inc.
2000 Avenue of the Stars
Los Angeles, CA, 90067

Glaser Weil
c/o Maritza Ponce
10250 Constellation Blvd.
19th Floor
Los Angeles, CA, 90067

Manatt, Phelps & Phillips,
LLP
Attn: Richard McDerby
2049 Century Park East,
Suite 1700
Los Angeles, CA, 90067

Monkey Spunk Inc.
c/o Don Buchwald &
Associates
10 E 44th St
New York, NY, 10017

Nugget Productions, Inc.
c/o UTA Attn: Accounting
9336 Civic Center Dr.
Beverly Hills, CA, 90210

John Campea Show Podcast
434 Termino Ave.
Corona, CA, 92879

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA, 19101-7346

Richard Maclean Smith
c/o UTA Attn: Accounting
9336 Civic Center Dr.
Beverly Hills, CA, 90210

AYYDUBS LLC
c/o Carl Lehman,
4655 Executive Dr., Ste. 700
San Diego, CA, 92121