Leslie A. Cohen, Esq. (SBN: 93698)
leslie@lesliecohenlaw.com
J'aime Williams Kerper, Esq. (SBN 261148)
jaime@lesliecohenlaw.com
LESLIE COHEN LAW, PC
1615-A Montana Avenue
Santa Monica, CA 90403
Telephone:  (310) 394-5900
Facsimile:  (310) 394-9280

Attorneys for Debtor Kast Media, Inc.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>KAST MEDIA INC.<br><br>               Debtor.<br><br><br>. | Case No. 1:24-bk-10396-MB<br><br>Ch. 11<br><br>**EVIDENTIARY OBJECTIONS TO DECLARATION OF STEPHEN NEW IN SUPPORT OF OBJECTIONS BY ARCADIAN VANGUARD LLC TO THE DEBTOR'S SUBCHAPTER V PLAN [DOCKET NO. 165-2]**<br><br>**<u>Plan Confirmation Hearing</u>:**<br>Date: October 22, 2024<br>Time: 1:30 p.m.<br>Via Zoomgov<br><br>Video/audio web address:<br>https://cacb.zoomgov.com/j/1614174604<br>ZoomGov meeting number: 161 417 4604<br>Password: 392703 Telephone conference lines: 1 (669) 254 5252 or 1 (646) 828 7666 |

**EVIDENTIARY OBJECTIONS TO DECLARATION OF STEPHEN NEW**

1    Kast Media Inc., ("**Debtor**") respectfully submits the following evidentiary

2    objections to the *Declaration* ("**Declaration**") of *Stephen New* ("**Declarant**") *In Support*

3    *Of Arcadian Vanguard's Objection to the Debtor's Subchapter V Plan* [Docket No. 165-

4    2] filed by Creditor Arcadian Vanguard LLC ("**Arcadian**").

5                              <u>**APPLICABLE FEDERAL RULES OF EVIDENCE**</u>

6            Federal Rule of Evidence ("**FRE**") 401 defines "relevant evidence" as "evidence

7    having any tendency to make the existence of any fact that is of consequence to the

8    determination of the action more or less probable than it would be without the

9    evidence."  The statement is irrelevant if it does not have any probative value with

10   respect to the proposition that is of consequence to the determination of the action.

11   *U.S. v. Hall*, 653 F.2d 1002 (5th Cir. 1981).  FRE 402 states simply that evidence "which

12   is not relevant is not admissible."  FRE 403 provides that "The court may exclude

13   relevant evidence if its probative value is substantially outweighed by a danger of one or

14   more of the following: unfair prejudice, confusing the issues, misleading the jury, undue

15   delay, wasting time, or needlessly presenting cumulative evidence."  FRE 408 states

16   that "[e]vidence of the following is not admissible — on behalf of any party — either to

17   prove or disprove the validity or amount of a disputed claim or to impeach by a prior

18   inconsistent statement or a contradiction: (1) furnishing, promising, or offering — or

19   accepting, promising to accept, or offering to accept — a valuable consideration in

20   compromising or attempting to compromise the claim; and (2) conduct or a statement

21   made during compromise negotiations about the claim[.]"

22           FRE 602 limits the testimony of a witness to only matters on which evidence is

23   introduced sufficient to support a finding that the witness has personal knowledge of the

24   matter.

25           FRE 701 limits the testimony of a lay witness by providing that "[i]f the witness is

26   not testifying as an expert, the witness' testimony in the form of opinions or inferences is

27   limited to those opinions or inferences which are (a) rationally based on the perception

28   of the witness, (b) helpful to a clear understanding of the witness' testimony or the

**EVIDENTIARY OBJECTIONS TO DECLARATION OF STEPHEN NEW**

1  determination of a fact in issue, and (c) not based on scientific, technical, or other

2  specialized knowledge within the scope of Rule 702."  <u>See also</u> FRE Article V.

3          FRE 901 provides that "[t]he requirement of authentication or identification as a

4  condition precedent to admissibility is satisfied by evidence sufficient to support a

5  finding that the matter in question is what its proponent claims."  Therefore, before a

6  court can admit any statement or document into evidence, the proponent must lay an

7  appropriate foundation.  *See e.g., Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896

8  F.3d 1542, 1550-51 (9th Cir. 1990). In order to lay a proper foundation, a declarant must

9  establish that that information is based on personal knowledge and set forth such facts

10  that would be admissible and that the affiant is competent to testify on the matters

11  stated.  Therefore, "[c]onclusory affidavits that do not affirmatively show personal

12  knowledge of specific facts are insufficient." *Casey v. Lewis*, 4 F.3d 1516, 1527 (9th

13  Cir.1993).

14

15                          **<u>SPECIFIC EVIDENTIARY OBJECTIONS</u>**

| MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON THE OBJECTION: |
|---|---|---|
| **1.  Declaration of New, ¶ 2.**<br><br>On the debtor's official form 204 filed with this court Arcadian Vanguard, attention Brian Last, is listed as the eighth largest unsecured creditor with an undisputed claim of $250,442.79. | <u>Best Evidence Rule (FRE 1002)</u><br>Per the BER, Declarant's testimony as to the contents and nature of documents must be rejected, as the documents themselves are the best evidence of information proffered and speak for themselves. | ☐ Sustained<br>☐ Overruled |
| **2.  Declaration of New, ¶ 4.**<br><br>I believe that upon information and belief, Kast Media, Inc. was operating from a residential building located at 1480 Vine Street, Unit 1801, Los Angeles, California. Furthermore, the creditor has reason to suspect that Kast Media was also paying for Colin and Christine | <u>Lack of Foundation (FRE 901)/Lack of Personal knowledge (FRE 602)</u><br>Declarant fails to lay any foundation for the proffered facts. Specifically, Declarant fails to establish any basis or his "belief" of the facts asserted for the creditor's "reason to suspect" the facts asserted. | ☐ Sustained<br>☐ Overruled |

**EVIDENTIARY OBJECTIONS TO DECLARATION OF STEPHEN NEW**

| | MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON THE OBJECTION: |
|---|---|---|---|
| 2 3 4 5 6 | Thomson's $10,000 per month rent at the same apartment complex from approximately 2019 to 2021. | <u>Conclusory</u><br>*Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993). | ☐ Sustained<br>☐ Overruled |
| 7 8 9 10 11 12 13 14 | **3.** Declaration of New, ¶ 5<br><br>Kast Media, LLC went inactive with the California Secretary of State on April 7, 2020 at which time Kast Media, Inc. was formed as a Delaware corporation. | <u>Lack of Foundation (FRE 901)/Lack of Personal knowledge (FRE 602)</u><br>Declarant fails to lay an adequate foundation for the proffered facts.<br><br><u>Conclusory</u><br>*Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993). | ☐ Sustained<br>☐ Overruled<br><br><br><br>☐ Sustained<br>☐ Overruled |
| 15 16 17 18 19 20 21 22 23 24 25 26 27 28 | **4.** Declaration of New, ¶ 6<br><br>I am informed and believe that according to the records of the Delaware Secretary of State, Kast Media, Inc., is not in good standing and owed the state of Delaware approximately $158,454.13 as of August 1, 2024. Mr. Thomson admits in his deposition as the corporate representative of Kast that Kast failed to list the $158,454.13 tax owed to the state of Delaware as a debt. (pg. 44, line 7 of Colin Thomson's deposition transcript attached hereto as Exhibit "1"; see, also, Exhibit "2"). | <u>Lack of Foundation (FRE 901)/Lack of Personal knowledge (FRE 602)</u><br>Declarant fails to lay an adequate foundation for the proffered facts. Specifically, Declarant fails to establish any basis or his "belief" of the facts asserted. Declarant does not state that he has reviewed any records or documents to support his assertions.<br><br>Further, Declarant fails to authenticate or lay any foundation for Exhibit "1".<br><br>Further, Declarant fails to authenticate or lay any foundation for Exhibit "2".<br><br><u>Conclusory</u><br>*Casey v. Lewis*, 4 F.3d 1516, | ☐ Sustained<br>☐ Overruled<br><br><br><br><br><br><br><br><br><br><br><br>☐ Sustained |

**EVIDENTIARY OBJECTIONS TO DECLARATION OF STEPHEN NEW**

| MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON THE OBJECTION: |
|---|---|---|
| | 1527 (9th Cir.1993). | ☐ Overruled |
| | <u>Best Evidence Rule (FRE 1002)</u> Per the BER, Declarant's testimony as to the contents and nature of documents must be rejected, as the documents themselves are the best evidence of information proffered and speak for themselves. | ☐ Sustained ☐ Overruled |
| **5.** Declaration of New, ¶ 7 Mr. Thomson, as Kast President and CEO, alleges that Kast operates out of 7111 Hayvenhurst Ave, Van Nuys, California. (pg. 47, lines 7-23 of Exhibit "1"). | <u>Lack of Foundation (FRE 901)/Lack of Personal knowledge (FRE 602)</u> Declarant fails to lay an adequate foundation for the proffered facts. Further, Declarant fails to authenticate or lay any foundation for Exhibit "1". | ☐ Sustained ☐ Overruled |
| | <u>Conclusionary</u> *Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993). | ☐ Sustained ☐ Overruled |
| | <u>Best Evidence Rule (FRE 1002)</u> Per the BER, Declarant's testimony as to the contents and nature of documents must be rejected, as the documents themselves are the best evidence of information proffered and speak for themselves. | ☐ Sustained ☐ Overruled |
| **6.** Declaration of New, ¶ 8 I am informed and believe that Kast Media, LLC an entity which no longer existed legally as of April 7, 2020, received PPP relief from the Federal Government. | <u>Lack of Foundation (FRE 901)/Lack of Personal knowledge (FRE 602)</u> Declarant fails to lay an adequate foundation for the proffered facts. Specifically, Declarant fails to establish any | ☐ Sustained ☐ Overruled |

5

**EVIDENTIARY OBJECTIONS TO DECLARATION OF STEPHEN NEW**

| MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON THE OBJECTION: |
|---|---|---|
| See, Exhibit "3". | basis or his "belief" of the facts asserted.  Declarant does not state that he has reviewed any records or documents to support his assertions. | |
| | Further, Declarant fails to authenticate or lay any foundation for Exhibit "3". | |
| | <u>Conclusionary</u><br>*Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993). | ☐ Sustained<br>☐ Overruled |
| | <u>Hearsay (FRE Art. VIII)</u><br>The statement is based upon out-of-court statements of those besides Declarant, being offered for the truth of the matter asserted, and thus they constitute impermissible, inadmissible hearsay (FRE Article VIII). | ☐ Sustained<br>☐ Overruled |
| | <u>Best Evidence Rule (FRE 1002)</u><br>Per the BER, Declarant's testimony as to the contents and nature of documents must be rejected, as the documents themselves are the best evidence of information proffered and speak for themselves. | ☐ Sustained<br>☐ Overruled |
| **7.** Declaration of New ¶ 9.<br><br>Mr. Thomson, testifying on behalf of the debtor, testified under oath that the reason why his Chase Bank personal checking account was listed in the debtor's | <u>Lack of Foundation (FRE 901)/Lack of Personal knowledge (FRE 602)</u><br>Declarant fails to lay an adequate foundation for the proffered facts or Declarant's | ☐ Sustained<br>☐ Overruled |

6

**EVIDENTIARY OBJECTIONS TO DECLARATION OF STEPHEN NEW**

| MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON THE OBJECTION: |
|---|---|---|
| schedules was, "because the company would regularly pay my credit card payments. We would separate out what was an appropriate business expense and what would be taken as 1099 income." (pg. 65, lines 2-11 of Exhibit "1"). | opinion and/or summarization of Mr. Thomson's testimony.<br><br>Further, Declarant fails to authenticate or lay any foundation for Exhibit "1". | |
| | <u>Conclusionary</u><br>*Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993). | ☐ Sustained<br>☐ Overruled |
| | <u>Best Evidence Rule (FRE 1002)</u><br>Per the BER, Declarant's testimony as to the contents and nature of documents must be rejected, as the documents themselves are the best evidence of information proffered and speak for themselves. | ☐ Sustained<br>☐ Overruled |
| **8.** Declaration of New ¶ 10.<br><br>Beginning at page 67 of Exhibit "1" and regarding the particulars of the bankruptcy petition, as well as entries on the debtors' profit and loss, Colin Thomson testified over one hundred times that he did not know or could not recall. | <u>Lack of Foundation (FRE 901)/Lack of Personal knowledge (FRE 602)</u><br>Declarant fails to lay an adequate foundation for the proffered facts or Declarant's opinion and/or summarization of Mr. Thomson's testimony.<br><br>Further, Declarant fails to authenticate or lay any foundation for Exhibit "1". | ☐ Sustained<br>☐ Overruled |
| | <u>Conclusionary</u><br>*Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993). | ☐ Sustained<br>☐ Overruled |
| | <u>Best Evidence Rule (FRE 1002)</u><br>Per the BER, Declarant's testimony as to the contents and | ☐ Sustained<br>☐ Overruled |

**EVIDENTIARY OBJECTIONS TO DECLARATION OF STEPHEN NEW**

| | MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON THE OBJECTION: |
|---|---|---|---|
| | | nature of documents must be rejected, as the documents themselves are the best evidence of information proffered and speak for themselves. | |
| | | <u>Relevance – (FRE 402, 403, 408)</u><br>The number of times that a witness did not know the answer to questions is in and of itself irrelevant to either his competency or the question of whether the Plan should be confirmed.<br>. | ☐ Sustained<br>☐ Overruled |
| **9.**    Declaration of New ¶ 11.<br><br>For example, "For what period of time did you use some bank account for sponsorship payouts?" "I don't recall." "Where was the bank account?" "I don't recall." (pg. 67, lines 11-20 of Exhibit "1"). | | <u>Lack of Foundation (FRE 901)/Lack of Personal knowledge (FRE 602)</u><br>Declarant fails to lay an adequate foundation for the proffered facts or Declarant's opinion and/or summarization of Mr. Thomson's testimony.<br><br>Further, Declarant fails to authenticate or lay any foundation for Exhibit "1". | ☐ Sustained<br>☐ Overruled |
| | | <u>Conclusionary</u><br>*Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993). | ☐ Sustained<br>☐ Overruled |
| | | <u>Best Evidence Rule (FRE 1002)</u><br>Per the BER, Declarant's testimony as to the contents and nature of documents must be rejected, as the documents themselves are the best evidence of information proffered and speak for | ☐ Sustained<br>☐ Overruled |

**EVIDENTIARY OBJECTIONS TO DECLARATION OF STEPHEN NEW**

| | MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON THE OBJECTION: |
|---|---|---|---|
| | | themselves. | |
| | | **Relevance – FRE (FRE 402, 403, 408)** The specific dates during which the Debtor used a bank account for sponsorship payouts, and Debtor's president's memory of those specific dates, is irrelevant to either his competency or the question of whether the Plan should be confirmed. | ☐ Sustained ☐ Overruled |
| | **10.** Declaration of New ¶ 12. Continuing on with his lack of knowledge about Kast Media, Thomson testified Q. Which customers would've owed Kast money totaling? Q. Where was the bank account? A. I don't recall. Yeah, I don't remember. Q. Who would be the best person to ask where the bank that the sponsorship payouts were paid out of? A. Probably one of the accountants who would've had access to the QuickBooks at that time." (pg. 68, lines 15-20 of Exhibit "1") | **Lack of Foundation (FRE 901)/Lack of Personal knowledge (FRE 602)** Declarant fails to lay an adequate foundation for the proffered facts or Declarant's opinion and/or summarization of Mr. Thomson's testimony. Further, Declarant fails to authenticate or lay any foundation for Exhibit "1". | ☐ Sustained ☐ Overruled |
| | | **Conclusory** *Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993). | ☐ Sustained ☐ Overruled |
| | | **Best Evidence Rule (FRE 1002)** Per the BER, Declarant's testimony as to the contents and nature of documents must be rejected, as the documents themselves are the best evidence of information proffered and speak for themselves. | ☐ Sustained ☐ Overruled |

**EVIDENTIARY OBJECTIONS TO DECLARATION OF STEPHEN NEW**

| MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON THE OBJECTION: |
|---|---|---|
| | <u>Relevance – FRE (FRE 402, 403, 408)</u><br>The witness's memory of specific, individual bank transactions and/or accounts itself irrelevant to either his competency or the question of whether the Plan should be confirmed. | ☐ Sustained<br>☐ Overruled |
| **11.** Declaration of New ¶ 13.<br><br>Colin Thompson simply knows nothing about entries made on the debtor's petition.<br>Q. Which customers would have owed Kast money totaling $500,536.65 as of January 31, 2024?<br>A. I would have to look at a receivables report.<br>Q. And could you run a receivables report as of that date to tell you who owed you that specific amount?<br>A. Yes.<br>Q. All right."<br><br>(pg. 69, lines 14-21 of Exhibit "1"). | <u>Lack of Foundation (FRE 901)/Lack of Personal knowledge (FRE 602)</u><br>Declarant fails to lay an adequate foundation for the proffered facts or Declarant's opinion and/or summarization of Mr. Thomson's testimony.<br><br>Further, Declarant fails to authenticate or lay any foundation for Exhibit "1". | ☐ Sustained<br>☐ Overruled |
| | <u>Conclusionary</u><br>*Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993). | ☐ Sustained<br>☐ Overruled |
| | <u>Best Evidence Rule (FRE 1002)</u><br>Per the BER, Declarant's testimony as to the contents and nature of documents must be rejected, as the documents themselves are the best evidence of information proffered and speak for themselves. | ☐ Sustained<br>☐ Overruled |
| | <u>Relevance – FRE (FRE 402, 403, 408)</u><br>The witness's memory of specific, receivables and/or | ☐ Sustained<br>☐ Overruled |

**EVIDENTIARY OBJECTIONS TO DECLARATION OF STEPHEN NEW**

| MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON THE OBJECTION: |
|---|---|---|
| | accounts from years back is irrelevant to either his competency or the question of whether the Plan should be confirmed. | |
| **12.** Declaration of New ¶ 14.<br><br>And what are they depreciating at the amount of $136,537.32? A. I don't know. I'd have to look at the report. Q. How easy is it for you to get the depreciation report? That's an easy report to run on your QuickBooks; is it not? A. I don't know. I haven't run a – a depreciation report on QuickBooks. Q. You said that you could answer my question if you had access to the depreciation report; correct? A. I believe so. Q. All right. So it would be fairly easy, would it not, for you to ask one of the accountants to run the depreciation reports to tell you what it is that Kast Media, Inc., is depreciating to come up with $136,537.32; correct? A. You're asking if it would be easy to run the report? Q. Yes. A. I don't know." (pg. 71, lines 3-21 of Exhibit "1") | <u>Lack of Foundation (FRE 901)/Lack of Personal knowledge (FRE 602)</u><br>Declarant fails to lay an adequate foundation for the proffered facts. Further, Declarant fails to authenticate or lay any foundation for Exhibit "1".<br><br><u>Conclusory</u><br>*Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993).<br><br><u>Best Evidence Rule (FRE 1002)</u><br>Per the BER, Declarant's testimony as to the contents and nature of documents must be rejected, as the documents themselves are the best evidence of information proffered and speak for themselves.<br><br><u>Relevance – FRE (FRE 402, 403, 408)</u><br>The witness's memory of specific, receivables, depreciation numbers, Quickbooks details and/or accounts from years back is irrelevant to either his competency or the question of whether the Plan should be confirmed. | ☐ Sustained<br>☐ Overruled<br><br><br><br><br>☐ Sustained<br>☐ Overruled<br><br><br>☐ Sustained<br>☐ Overruled<br><br><br><br><br>☐ Sustained<br>☐ Overruled |

**EVIDENTIARY OBJECTIONS TO DECLARATION OF STEPHEN NEW**

| | MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON THE OBJECTION: |
|---|---|---|---|
| 1 | | | |
| 2 | | | |
| 3 | **13.**    Declaration of New ¶ 15. | <u>Lack of Foundation (FRE 901)/Lack of Personal knowledge (FRE 602)</u> | ☐ Sustained |
| 4 | Mr. Thomson further asserts that Kast pays no rent at the Van | ☐ Overruled |
| 5 | Nuys location, and that in early 2023 a settlement was | Declarant fails to lay an adequate foundation for the proffered facts or Declarant's | |
| 6 | reached between Kast and the landlord of that location, Howie | opinion and/or summarization of Mr. Thomson's testimony. | |
| 7 | Mandell or one of his related companies, to relieve Kast of a | | |
| 8 | $1,100 per month rent liability. (pg. 48-50 of Exhibit "1"). | Further, Declarant fails to authenticate or lay any | |
| 9 | | foundation for Exhibit "1". | |
| 10 | | | |
| 11 | | <u>Conclusionary</u> | |
| 12 | | *Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993). | ☐ Sustained |
| 13 | | | ☐ Overruled |
| 14 | | <u>Best Evidence Rule (FRE 1002)</u> | |
| 15 | | Per the BER, Declarant's | |
| 16 | | testimony as to the contents and nature of documents must be | ☐ Sustained |
| 17 | | rejected, as the documents themselves are the best | ☐ Overruled |
| 18 | | evidence of information proffered and speak for | |
| 19 | | themselves. | |
| 20 | **14.**    Declaration of New ¶ 16 | <u>Lack of Foundation (FRE 901)/Lack of Personal knowledge (FRE 602)</u> | ☐ Sustained |
| 21 | At page 72, Mr. Thomson details how the debtor disposed of Kast | ☐ Overruled |
| 22 | Media's assets as part of a settlement deal with Howie | Declarant fails to lay an adequate foundation for the | |
| 23 | Mandell's companies for back owed rent at the Van Nuys | proffered facts or Declarant's opinion and/or summarization of | |
| 24 | location, yet the debtor lists that same furniture, worth $29,385.81 | Mr. Thomson's testimony. | |
| 25 | as an asset of Kast Media. See pg. 72, lines 4-23 of Exhibit "1"; | Further, Declarant fails to authenticate or lay any | |
| 26 | see, also, Exhibit "5". | foundation for Exhibit "1" or Exhibit "5". | |
| 27 | | | |
| 28 | | <u>Conclusionary</u> | ☐ Sustained |

**EVIDENTIARY OBJECTIONS TO DECLARATION OF STEPHEN NEW**

| MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON THE OBJECTION: |
|---|---|---|
| | *Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993). | ☐ Overruled |
| | <u>Best Evidence Rule (FRE 1002)</u> Per the BER, Declarant's testimony as to the contents and nature of documents must be rejected, as the documents themselves are the best evidence of information proffered and speak for themselves. | ☐ Sustained ☐ Overruled |
| **15.**    Declaration of New ¶ 17. BY MR. NEW: Q. Mr. Thomson, if you made a deal whereby Howie Mandell [ph] or his company or whomever got this $29,385 worth of furniture in 2023, it shouldn't be listed as an asset in a bankruptcy petition as of January 2024, correct? A. I don't know. We would have to investigate that. See pg. 73, lines 17-24 of Exhibit "1"; see, also, Exhibit "5". | <u>Lack of Foundation (FRE 901)/Lack of Personal knowledge (FRE 602)</u> Declarant fails to lay an adequate foundation for the proffered facts. Further, Declarant fails to authenticate or lay any foundation for Exhibit "1" or Exhibit "5". | ☐ Sustained ☐ Overruled |
| | <u>Conclusionary</u> *Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993). | ☐ Sustained ☐ Overruled |
| | <u>Best Evidence Rule (FRE 1002)</u> Per the BER, Declarant's testimony as to the contents and nature of documents must be rejected, as the documents themselves are the best evidence of information proffered and speak for themselves. | ☐ Sustained ☐ Overruled |
| | <u>Speculation</u> This question called for speculation and as such it, and the answer, are both inadmissible. | ☐ Sustained ☐ Overruled |

13

**EVIDENTIARY OBJECTIONS TO DECLARATION OF STEPHEN NEW**

| | MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON THE OBJECTION: |
|---|---|---|---|
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | **16.** Declaration of New ¶ 18 | Lack of Foundation (FRE 901)/Lack of Personal knowledge (FRE 602) Declarant fails to lay an adequate foundation for the proffered facts. Further, Declarant fails to authenticate or lay any foundation for Exhibit "1" or Exhibit "5". | ☐ Sustained ☐ Overruled |
| | Q. So this $24,748.26 was part of the 2023 deal with Howie Mandel or his company; correct? A. I don't know. I would have to go back and investigate. Q. All right. And if I ask you the same question about why equipment that was a part of a 2023 settlement is still listed as a Kast Media asset, you can't answer that question; can you? MS. COHEN: Objection, miscasts the witness's prior testimony. BY MR. NEW: Q. You said, "I don't know. I'll have to check. I'll have to get back to you," that kind of thing with respect to office furniture. I'm asking is your question the same relative to studio equipment at $24,748.26? A. Is my question the same? Q. Is your answer the same? A. Correct. I would have to look at the detail and investigate. See pg. 74, lines 17-23 of Exhibit "1"; see, also, Exhibit "5". | | |
| | | Conclusionary | ☐ Sustained ☐ Overruled |
| | | *Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993). | |
| | | Best Evidence Rule (FRE 1002) Per the BER, Declarant's testimony as to the contents and nature of documents must be rejected, as the documents themselves are the best evidence of information proffered and speak for themselves. | ☐ Sustained ☐ Overruled |
| | **17.** Declaration of New ¶ 19 Mr. Thompson cannot testify that fixed assets of $24,748 were part of his deal with Howie Mandell. | Lack of Foundation (FRE 901)/Lack of Personal knowledge (FRE 602) Declarant fails to lay an adequate foundation for the proffered facts or Declarant's opinion as to what Mr. Thomson can or cannot testify about. Further, Declarant fails to authenticate or lay any foundation for Exhibit "1". | ☐ Sustained ☐ Overruled |

14

**EVIDENTIARY OBJECTIONS TO DECLARATION OF STEPHEN NEW**

| | MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON THE OBJECTION: |
|---|---|---|---|
| 1 | | | |
| 2 | | Conclusory<br>*Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993). | ☐ Sustained<br>☐ Overruled |
| 3 | | | |
| 4 | | | |
| 5 | **18.**    Declaration of New ¶ 20 | Lack of Foundation (FRE 901)/Lack of Personal knowledge (FRE 602) | ☐ Sustained<br>☐ Overruled |
| 6 | Kast Media had an investment account and Colin Thomson doesn't know why. | Declarant fails to lay an adequate foundation for the | |
| 7 | Q. Why would a TD Ameritrade | proffered facts or Declarant's | |
| 8 | account be listed in assets belonging to Kast Media, | opinion and/or summarization of Mr. Thomson's testimony. | |
| 9 | Inc.? | | |
| 10 | A. I don't know.<br>Q. Shouldn't you know as the | Further, Declarant fails to authenticate or lay any | |
| 11 | CEO of that corporation? MS. COHEN: Objection, | foundation for Exhibit "1" or Exhibit "5". | |
| 12 | argumentative. | | |
| 13 | A. I don't know.<br>Q. Who's the best person from | Conclusory<br>*Casey v. Lewis*, 4 F.3d 1516, | ☐ Sustained<br>☐ Overruled |
| 14 | Kast Media, Inc., when we do part 2 or part 3 of this | 1527 (9th Cir.1993). | |
| 15 | deposition to ask, Mr. Thomson? | | |
| 16 | A. I don't know.<br>Q. You don't even know who | Best Evidence Rule (FRE 1002)<br>Per the BER, Declarant's | ☐ Sustained<br>☐ Overruled |
| 17 | within your corporation would be the best person to | testimony as to the contents and nature of documents must be | |
| 18 | answer the question why is there a TD Ameritrade account listed | rejected, as the documents themselves are the best | |
| 19 | as an asset of | evidence of information | |
| 20 | your corporation?<br>A One of the accountants. | proffered and speak for themselves. | |
| 21 | Q. Give me their names again.<br>A. I think you have them. Michael | | |
| 22 | Calabretta. Analina Acosta. Emily Pender. | | |
| 23 | Krimzee Maenle. Now CFO. Erik Wissig. | | |
| 24 | See pg. 76, lines 6-25 of Exhibit | | |
| 25 | "1"; see, also, Exhibit "5". | | |
| 26 | **19.**    Declaration of New ¶ 21 | Lack of Foundation (FRE 901)/Lack of Personal | ☐ Sustained<br>☐ Overruled |
| 27 | Colin Thomson details the extent | knowledge (FRE 602) | |
| 28 | to which debtor paid his and his wife's personal debts. | Declarant fails to lay an adequate foundation for the | |

**EVIDENTIARY OBJECTIONS TO DECLARATION OF STEPHEN NEW**

| | MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON THE OBJECTION: |
|---|---|---|---|
| | Q. And the only one that that's on is AmEx Delta Sky Miles Reserve Card 31001; correct?<br>A. Yes.<br>Q. Is that a business credit card or a personal credit card?<br>A That is a personal credit card.<br>Q. Why is there a personal credit card with a balance of $24,090.90 listed on the balance sheet of Kast Media, Inc., as a liability?"<br>See pg. 77, lines 17-25 of Exhibit "1"; see, also, Exhibit "5". | proffered facts or Declarant's opinion and/or summarization of Mr. Thomson's testimony.<br><br>Further, Declarant fails to authenticate or lay any foundation for Exhibit "1" or Exhibit "5".<br><br><br><u>Conclusory</u><br>*Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993).<br><br><br><u>Best Evidence Rule (FRE 1002)</u><br>Per the BER, Declarant's testimony as to the contents and nature of documents must be rejected, as the documents themselves are the best evidence of information proffered and speak for themselves. | <br><br><br><br><br><br><br><br>☐ Sustained<br>☐ Overruled<br><br><br>☐ Sustained<br>☐ Overruled |
| | **20.**    Declaration of New ¶ 22<br><br>Q. Okay. Let's break that down then. So as I understand your testimony, anything that you charge on this AmEx Delta Sky Miles Reserve card ending 31001, Kast Media, Inc., would pay; correct?<br>A. I believe so.<br>Q. And if there was a business charge on that for something legitimate, that would be taken as a legitimate business expense by your accountants, correct?<br>A. The business expenses would be classified appropriately as business expenses by the accountants.<br>Q. All right. And then anything | <u>Lack of Foundation (FRE 901)/Lack of Personal knowledge (FRE 602)</u><br>Declarant fails to lay an adequate foundation for the proffered facts. Further, Declarant fails to authenticate or lay any foundation for Exhibit "1" or Exhibit "5".<br><br><br><u>Conclusory</u><br>*Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993).<br><br><br><u>Best Evidence Rule (FRE 1002)</u><br>Per the BER, Declarant's testimony as to the contents and nature of documents must be rejected, as the documents | ☐ Sustained<br>☐ Overruled<br><br><br><br><br><br><br><br>☐ Sustained<br>☐ Overruled<br><br><br>☐ Sustained<br>☐ Overruled |

16

**EVIDENTIARY OBJECTIONS TO DECLARATION OF STEPHEN NEW**

| MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON THE OBJECTION: |
|---|---|---|
| that was charged of a personal nature was deemed income to you; correct? A. Correct. Q Placed on either a W-2 or a 1099; correct? A Would've been the -- would've gone to the 1099. Q. There's an AmEx business card, 42003. If Kast has legitimate business expenses that it needs to put on a business card and you have legitimate personal expenses, why not keep the two separate?" See pg. 78 of Exhibit "1"; see, also, Exhibit "5". | themselves are the best evidence of information proffered and speak for themselves. | |
| **21.**    Declaration of New ¶ 23 Mr. Thompson then details the debtor paying his personal credit card and other debt. | <u>Lack of Foundation (FRE 901)/Lack of Personal knowledge (FRE 602)</u> Declarant fails to lay an adequate foundation for the proffered facts or Declarant's opinion and/or summarization of Mr. Thomson's testimony. Declarant's  opinion on the meaning of the witness's testimony is inadmissible. | ☐ Sustained ☐ Overruled |
| | <u>Conclusory</u> *Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993). | ☐ Sustained ☐ Overruled |
| | <u>Best Evidence Rule (FRE 1002)</u> Per the BER, Declarant's testimony as to the contents and nature of documents must be rejected, as the documents themselves are the best evidence of information | ☐ Sustained ☐ Overruled |

**EVIDENTIARY OBJECTIONS TO DECLARATION OF STEPHEN NEW**

| | MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON THE OBJECTION: |
|---|---|---|---|
| | | proffered and speak for themselves. | |
| **22.** | **22.** Declaration of New ¶ 24<br><br>Q. All right. You've always had Kast Media, Inc., pay your personal credit card bills and then divvy it up in the manner in which you just described, correct?<br>A. Our process was that the company would regularly pay my personal credit card bills. The transactions that were appropriate business transactions would be classified as such, and the personal expenses would be classified as income, would be taken as income on the 1099.<br>Q. And my question is from the time that Kast Media, Inc., came into existence in April of 2020," (pg. 79, lines 14-25 of Exhibit "1")<br>Q. That's how you've done it; isn't it?<br>A. Yeah."<br>(Pg. 80, lines 1-2 of Exhibit "1") (emphasis added). | <u>Lack of Foundation (FRE 901)/Lack of Personal knowledge (FRE 602)</u><br>Declarant fails to lay an adequate foundation for the proffered facts. Declarant fails to authenticate or lay any foundation for Exhibit "1".<br><br><u>Conclusionary</u><br>*Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993).<br><br><u>Best Evidence Rule (FRE 1002)</u><br>Per the BER, Declarant's testimony as to the contents and nature of documents must be rejected, as the documents themselves are the best evidence of information proffered and speak for themselves. | ☐ Sustained<br>☐ Overruled<br><br><br><br>☐ Sustained<br>☐ Overruled<br><br><br>☐ Sustained<br>☐ Overruled |
| **23.** | **23.** Declaration of New ¶ 25<br><br>Colin Thomson could not explain what customer credit accrued or programmatic meant in his bankruptcy petition document.<br>Q. What's the best way that a creditor in this bankruptcy can find that out?<br>A. The accountants would know or would have access to that information.<br>Q. But what is customer credit accrual? I mean, what does that | <u>Lack of Foundation (FRE 901)/Lack of Personal knowledge (FRE 602)</u><br>Declarant fails to lay an adequate foundation for the proffered facts or Declarant's opinion and/or summarization of Mr. Thomson's testimony. Declarant's opinion on the meaning of the witness's testimony is inadmissible.<br><br>Further, Declarant fails to | ☐ Sustained<br>☐ Overruled |

**EVIDENTIARY OBJECTIONS TO DECLARATION OF STEPHEN NEW**

| | MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON THE OBJECTION: |
|---|---|---|---|
| | mean?<br>A. I don't know. I don't want to speculate. I -- you know, just based off of the name of the account.<br>Q. "Programmatic, $8,323.59." What does that mean?<br>A. This looks to be a subcategory of – of customer credit accrual. It's indented a little bit.<br>Q. And what does that mean?<br>A. I don't know. It's in the same category as customer credit accrual<br>Q. Who's the best person with Kast Media, Inc., to ask that question?<br>A. The accountants.<br>Q. "Spot-by-spot accrual, minus $471,855.44." What does that mean?<br>A. I don't know. The accountants would have that information.<br>Q. Let me ask you a question, Mr. Thomson. Did you consult -- knowing that this bankruptcy petition was going to be covered today as one of the areas, did you consult with the accountants in preparation for the deposition?<br>A. No. I didn't go over this balance sheet with the accountants.<br>Q. Okay. Any reason why you couldn't have? Is there anything that would've prohibited you from consulting with the accountants about what – these entries in Kast Media's balance sheet attached to the petition?<br>See pg. 83 of Exhibit "1"; see, also, Exhibit "5". | authenticate or lay any foundation for Exhibit "1" or Exhibit "5".<br><br>Conclusionary<br>*Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993).<br><br>Best Evidence Rule (FRE 1002)<br>Per the BER, Declarant's testimony as to the contents and nature of documents must be rejected, as the documents themselves are the best evidence of information proffered and speak for themselves. | ☐ Sustained<br>☐ Overruled<br><br><br>☐ Sustained<br>☐ Overruled |

19

**EVIDENTIARY OBJECTIONS TO DECLARATION OF STEPHEN NEW**

| | MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON THE OBJECTION: |
|---|---|---|---|
| | **24.** Declaration of New ¶ 26<br><br>A. Is there anything that would've prohibited me?<br>Q Yes.<br>A.I—I don't know. I'm not going to speculate about that.<br>(pg. 84, lines 1-6 of Exhibit "1").<br>Q. So as you sit here today as the representative of and CEO of Kast Media, Inc., you can't say what "spot-by-spot accrual" means, nor how $471,855.44 was arrived at as of January 31, 2024; correct?<br>MS. COHEN: Objection, asked and answered.<br>BY MR. NEW: Q. Correct?<br>A. Yeah, I already said." (pg. 84, lines 10-18 of Exhibit "1").<br>Mr. Thomson does not know how the debtor's business works, nor why certain things are listed in the bankruptcy petition, as he cannot explain customer credit accrual, spot by spot accrual, and can only indicate that Kast's accountants would have to testify to that. See Exhibit "5". | <u>Lack of Foundation (FRE 901)/Lack of Personal knowledge (FRE 602)</u><br>Declarant fails to lay an adequate foundation for the proffered facts or Declarant's opinion and/or summarization of Mr. Thomson's testimony. Declarant's opinion on the meaning of the witness's testimony is inadmissible.<br><br>Further, Declarant fails to authenticate or lay any foundation for Exhibit "1" or Exhibit "5".<br><br><u>Conclusionary</u><br>*Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993).<br><br><u>Best Evidence Rule (FRE 1002)</u><br>Per the BER, Declarant's testimony as to the contents and nature of documents must be rejected, as the documents themselves are the best evidence of information proffered and speak for themselves. | ☐ Sustained<br>☐ Overruled<br><br><br><br><br><br><br><br><br>☐ Sustained<br>☐ Overruled<br><br><br><br>☐ Sustained<br>☐ Overruled |
| | **25.** Declaration of New ¶ 27<br><br>Q. Okay. "Deferred salary, $34,615.67." What is that?<br>A. I don't know.<br>Q. You put it in the bankruptcy petition. Why don't you know?<br>A. I relied on my accountants to prepare these schedules.<br>(Pg. 84, lines 19-25 of Exhibit "1"). Mr. Thompson did not know what "deferred salary" meant in | <u>Lack of Foundation (FRE 901)/Lack of Personal knowledge (FRE 602)</u><br>Declarant fails to lay an adequate foundation for the proffered facts or Declarant's opinion and/or summarization of Mr. Thomson's testimony.<br><br>Further, Declarant fails to authenticate or lay any foundation for "Exhibit "5". | ☐ Sustained<br>☐ Overruled |

**EVIDENTIARY OBJECTIONS TO DECLARATION OF STEPHEN NEW**

| MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON THE OBJECTION: |
|---|---|---|
| his schedule. See Exhibit "5". | <u>Conclusory</u><br>*Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993). | ☐ Sustained<br>☐ Overruled |
| | <u>Best Evidence Rule (FRE 1002)</u><br>Per the BER, Declarant's testimony as to the contents and nature of documents must be rejected, as the documents themselves are the best evidence of information proffered and speak for themselves. | ☐ Sustained<br>☐ Overruled |
| **26.** Declaration of New ¶ 28<br><br>It is important for the Court to understand the sheer volume of monies which were pumped into Kast Media in 2022. In 2022, the debtor Kast Media had four investors infuse Kast with two million dollars. Those are set forth in the debtor's petition as secured creditors on a convertible note. | <u>Lack of Foundation (FRE 901)/Lack of Personal knowledge (FRE 602)</u><br>Declarant fails to lay any foundation for the proffered facts which are not within his personal knowledge. | ☐ Sustained<br>☐ Overruled |
| | <u>Conclusory</u><br>*Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993). | ☐ Sustained<br>☐ Overruled |
| | <u>Best Evidence Rule (FRE 1002)</u><br>Per the BER, Declarant's testimony as to the contents and nature of documents must be rejected, as the documents themselves are the best evidence of information proffered and speak for themselves. | ☐ Sustained<br>☐ Overruled |
| | <u>Hearsay (FRE Art. VIII)</u><br><br>This testimony appears to rely on third party documentation which is not attached or authenticated and as such is | ☐ Sustained<br>☐ Overruled |

21

**EVIDENTIARY OBJECTIONS TO DECLARATION OF STEPHEN NEW**

| MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON THE OBJECTION: |
|---|---|---|
| | inadmissible. | |
| **27.** Declaration of New ¶ 29<br><br>In addition, I am informed and believe and thereon allege that Kast took $4 million dollars of a $6.2 million dollar line of credit in the first four months of 2022, yet for tax year 2022, on 17,575,881 in gross receipts or sales, and having been infused with $6 million dollars of cash from either investors or a line of credit, Kast Media lost $2,014,647.00. | <u>Lack of Foundation (FRE 901)/Lack of Personal knowledge (FRE 602)</u><br>Declarant fails to lay an adequate foundation for the proffered facts. Specifically, Declarant fails to establish any basis or his "belief" of the facts asserted. Declarant does not state that he has reviewed any records or documents to support his assertions, or that he has personal knowledge, which he does not. | ☐ Sustained<br>☐ Overruled |
| | <u>Conclusory</u><br>*Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993). | ☐ Sustained<br>☐ Overruled |
| | <u>Best Evidence Rule (FRE 1002)</u><br>Per the BER, Declarant's testimony as to the contents and nature of documents must be rejected, as the documents themselves are the best evidence of information proffered and speak for themselves. | ☐ Sustained<br>☐ Overruled |
| | <u>Hearsay (FRE Art. VIII)</u><br>This testimony appears to rely on third party documentation which is not attached or authenticated and as such is inadmissible | ☐ Sustained<br>☐ Overruled |
| **28.** Declaration of New ¶ 30<br><br>Additionally, by May 2022, Mr. Thompson was asking for more | <u>Lack of Foundation (FRE 901)/Lack of Personal knowledge (FRE 602)</u><br>Declarant fails to lay an | ☐ Sustained<br>☐ Overruled |

22

**EVIDENTIARY OBJECTIONS TO DECLARATION OF STEPHEN NEW**

| MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON THE OBJECTION: |
|---|---|---|
| money from the Cap Chase line of credit. See email string between Ishwar Singh of Cap Chase, Colin Thompson and others, May 11, 2022. Exhibit "6" attached hereto. See, also pages 138 through 141. | adequate foundation for the proffered facts or Declarant's opinion and/or summarization of Mr. Thomson's statements.<br><br>Further, Declarant fails to authenticate or lay any foundation for "Exhibit "6" or identify any exhibit for "pages 138-141." | |
| | <u>Conclusory</u><br>*Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993). | ☐ Sustained<br>☐ Overruled |
| | <u>Best Evidence Rule (FRE 1002)</u><br>Per the BER, Declarant's testimony as to the contents and nature of documents must be rejected, as the documents themselves are the best evidence of information proffered and speak for themselves. | ☐ Sustained<br>☐ Overruled |
| | <u>Hearsay (FRE Art. VIII)</u><br>This testimony relies on the hearsay out of court email statements by a nonparty, offered for the truth of the matter asserted, and as such is inadmissible hearsay. | ☐ Sustained<br>☐ Overruled |
| **29.** Declaration of New ¶ 31<br><br>According to Mr. Thompson's testimony, from April 2020 to March 2024, Kast Media shows a loss of $5,857,107.60. (pgs. 90-91 of Exhibit "1") | <u>Lack of Foundation (FRE 901)/Lack of Personal knowledge (FRE 602)</u><br>Declarant fails to lay an adequate foundation for the proffered facts or Declarant's opinion and/or summarization of Mr. Thomson's testimony.<br><br>Further, Declarant fails to authenticate or lay any foundation for Exhibit "Exhibit | ☐ Sustained<br>☐ Overruled |

23

**EVIDENTIARY OBJECTIONS TO DECLARATION OF STEPHEN NEW**

| MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON THE OBJECTION: |
|---|---|---|
| | "1". | |
| | <u>Conclusionary</u><br><br>*Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993). | ☐ Sustained<br>☐ Overruled |
| | <u>Best Evidence Rule (FRE 1002)</u><br>Per the BER, Declarant's testimony as to the contents and nature of documents must be rejected, as the documents themselves are the best evidence of information proffered and speak for themselves. | ☐ Sustained<br>☐ Overruled |
| | <u>Hearsay (FRE Art. VIII)</u><br>This testimony relies on the hearsay documents prepared or entered into by a nonparty, offered for the truth of the matter asserted, and as such is inadmissible hearsay. | ☐ Sustained<br>☐ Overruled |
| **30.**    Declaration of New ¶ 32<br><br>In approximately August of 2023, Kast Media entered into a finder's fee agreement and two other revenue sharing agreements with Podcast One /Live One. See pg. 159 of Exhibit "1"; see, also, Exhibit "4". | <u>Lack of Foundation (FRE 901)/Lack of Personal knowledge (FRE 602)</u><br>Declarant fails to lay an adequate foundation for the proffered facts or Declarant's opinion and/or summarization of events.<br><br>Further, Declarant fails to authenticate or lay any foundation for "Exhibit "1" or Exhibit "4". | ☐ Sustained<br>☐ Overruled |
| | <u>Conclusionary</u><br><br>*Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993). | ☐ Sustained<br>☐ Overruled |

**EVIDENTIARY OBJECTIONS TO DECLARATION OF STEPHEN NEW**

| MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON THE OBJECTION: |
|---|---|---|
| | **Best Evidence Rule (FRE 1002)** Per the BER, Declarant's testimony as to the contents and nature of documents must be rejected, as the documents themselves are the best evidence of information proffered and speak for themselves. | ☐ Sustained ☐ Overruled |
| | <u>Hearsay (FRE Art. VIII)</u> This testimony relies on the hearsay out of court documents entered allegedly entered into by at least one nonparty, offered for the truth of the matter asserted, and as such is inadmissible hearsay. | ☐ Sustained ☐ Overruled |
| **31.** Declaration of New ¶ 33 According to Colin Thomson, the three shows which are owned and operated podcasts, and are the subject of the finder's fee agreements, generate between $20,000 and $70,000 per month in revenue for Kast. (pg. 61, lines 18-19 of Exhibit "1") | <u>Lack of Foundation (FRE 901)/Lack of Personal knowledge (FRE 602)</u> Declarant fails to lay an adequate foundation for the proffered facts or Declarant's opinion and/or summarization of Mr. Thomson's testimony. Further, Declarant fails to authenticate or lay any foundation for "Exhibit "1". | ☐ Sustained ☐ Overruled |
| | <u>Conclusory</u> *Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993). | ☐ Sustained ☐ Overruled |
| | <u>Best Evidence Rule (FRE 1002)</u> Per the BER, Declarant's testimony as to the contents and nature of documents must be rejected, as the documents themselves are the best evidence of information proffered and speak for | ☐ Sustained ☐ Overruled |

25

**EVIDENTIARY OBJECTIONS TO DECLARATION OF STEPHEN NEW**

| MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON THE OBJECTION: |
|---|---|---|
| | themselves. | |
| **32.** Declaration of New ¶ 34<br><br>Interestingly, because Kast Media was "upside down", Podcast One, a division of Live One, opted not to move forward with its acquisition of Kast Media. See, deposition testimony Podcast one, attached hereto as Exhibit "7", see, also, Exhibit "7a". | Lack of Foundation (FRE 901)/Lack of Personal knowledge (FRE 602)<br>Declarant fails to lay an adequate foundation for the proffered facts or Declarant's opinion and/or summarization of PodcastOne's testimony.<br><br>Further, Declarant fails to authenticate or lay any foundation for "Exhibit "7" or "7a". | ☐ Sustained<br>☐ Overruled |
| | Conclusionary<br>*Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993). | ☐ Sustained<br>☐ Overruled |
| | Best Evidence Rule (FRE 1002)<br>Per the BER, Declarant's testimony as to the contents and nature of documents must be rejected, as the documents themselves are the best evidence of information proffered and speak for themselves. | ☐ Sustained<br>☐ Overruled |
| **33.** Declaration of New ¶ 35<br><br>Beginning on page 96 of Exhibit "1", Mr. Thompson begins detailing how Kast paid for his luxury automobiles. Kast paid $1,328.22 per month for a Mercedes G Series Wagon titled in Mr. Thompson's name. Kast also paid for a different Mercedes and a Tesla. See, page 99, line 6, page 102, line 7 of Exhibit "1". See, also, page | Lack of Foundation (FRE 901)/Lack of Personal knowledge (FRE 602)<br>Declarant fails to lay an adequate foundation for the proffered facts or Declarant's opinion and/or summarization of Mr. Thomson's testimony.<br><br>Further, Declarant fails to authenticate or lay any foundation for "Exhibit "1". | ☐ Sustained<br>☐ Overruled |

**EVIDENTIARY OBJECTIONS TO DECLARATION OF STEPHEN NEW**

| MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON THE OBJECTION: |
|---|---|---|
| 199 of Exhibit "1", which confirms Kast Media paying car and truck expenses for Mr. Thompson as far back as 2018. | <u>Conclusionary</u><br>*Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993). | ☐ Sustained<br>☐ Overruled |
| | <u>Best Evidence Rule (FRE 1002)</u><br>Per the BER, Declarant's testimony as to the contents and nature of documents must be rejected, as the documents themselves are the best evidence of information proffered and speak for themselves. | ☐ Sustained<br>☐ Overruled |
| **34.**      Declaration of New ¶ 36<br><br>Kast Media financed personal trips for Mr. Thompson to Bali, Hawaii, Fiji and upon information and belief, a $10,000 per night at the Wynn Resort in Las Vegas. See, pages 124-125 of Exhibit "1". | <u>Lack of Foundation (FRE 901)/Lack of Personal knowledge (FRE 602)</u><br>Declarant fails to lay an adequate foundation for the proffered facts or Declarant's opinion and/or summarization of Mr. Thomson's testimony. Further, Declarant fails to lay any foundation for his "information and belief."<br><br>Further, Declarant fails to authenticate or lay any foundation for "Exhibit "1". | ☐ Sustained<br>☐ Overruled |
| | <u>Conclusionary</u><br>*Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993). | ☐ Sustained<br>☐ Overruled |
| | <u>Best Evidence Rule (FRE 1002)</u><br>Per the BER, Declarant's testimony as to the contents and nature of documents must be rejected, as the documents themselves are the best evidence of information proffered and speak for | ☐ Sustained<br>☐ Overruled |

**EVIDENTIARY OBJECTIONS TO DECLARATION OF STEPHEN NEW**

| MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON THE OBJECTION: |
|---|---|---|
| | themselves.<br><br>Moreover, the proffered statements misstate the witness's testimony. | |
| **35.**    Declaration of New ¶ 37<br><br>Kast Media would factor money that was owed to its podcast partners, like Arcadian Vanguard and Jim Cornette in the entirety of their receivables. For example, if an advertiser owed $10,000, the money owed to Arcadian Vanguard would be $8,000, leaving $2,000 owed to Kast Media, as per the 80/20 split agreement. Kast would factor the entire $10,000 into what they presented to lenders, not just the $2,000 Kast stood to receive, misrepresenting Kast's actual receivables. See, pages 127-128 of Exhibit "1". | <u>Lack of Foundation (FRE 901)/Lack of Personal knowledge (FRE 602)</u><br>Declarant fails to lay an adequate foundation for the proffered facts or Declarant's opinion and/or summarization of Mr. Thomson's testimony or the events reference.<br><br>Further, Declarant fails to authenticate or lay any foundation for "Exhibit "1".<br><br><u>Conclusionary</u><br>*Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993).<br><br><u>Best Evidence Rule (FRE 1002)</u><br>Per the BER, Declarant's testimony as to the contents and nature of documents must be rejected, as the documents themselves are the best evidence of information proffered and speak for themselves. | ☐ Sustained<br>☐ Overruled<br><br><br><br><br><br><br><br><br><br>☐ Sustained<br>☐ Overruled<br><br><br><br>☐ Sustained<br>☐ Overruled |
| **36.**    Declaration of New ¶ 38<br><br>Upon information and belief, the debtor factored receivables that did not yet exist. | <u>Lack of Foundation (FRE 901)/Lack of Personal knowledge (FRE 602)</u><br>Declarant fails to lay an adequate foundation for the proffered facts or Declarant's "information and belief." | ☐ Sustained<br>☐ Overruled |

28

**EVIDENTIARY OBJECTIONS TO DECLARATION OF STEPHEN NEW**

| MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON THE OBJECTION: |
|---|---|---|
| | | |
| **37.**    Declaration of New ¶ 39<br><br>Colin Thompson took $326,000 of miscellaneous 1099 Income in the year 2021. He admits that some of the proceeds from his compensation were used to put a down payment of $352,051 on February 1, 2022, for a home at 350 Sterling Ranch Road, Canoga Park, California. See page 142 of Exhibit "1", see, also, Exhibit "8" and Exhibit "13". | <u>Lack of Foundation (FRE 901)/Lack of Personal knowledge (FRE 602)</u><br>Declarant fails to lay an adequate foundation for the proffered facts or Declarant's opinion and/or summarization of Mr. Thomson's testimony or the events discussed.<br><br>Further, Declarant fails to authenticate or lay any foundation for "Exhibit "1", Exhibit "8" or Exhibit "13". | ☐ Sustained<br>☐ Overruled |
| | <u>Conclusionary</u><br>*Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993). | ☐ Sustained<br>☐ Overruled |
| | <u>Best Evidence Rule (FRE 1002)</u><br>Per the BER, Declarant's testimony as to the contents and nature of documents must be rejected, as the documents themselves are the best evidence of information proffered and speak for themselves. | ☐ Sustained<br>☐ Overruled |
| **38.**    Declaration of New ¶ 40<br><br>Kast's vendor records do not speak for themselves. When asked how are Brian Last and Jim Cornette supposed to look at a vendor balance detail and tell who is paying Mr. Thomson could only answer I don't know. (pgs. 148-149 of | <u>Lack of Foundation (FRE 901)/Lack of Personal knowledge (FRE 602)</u><br>Declarant fails to lay an adequate foundation for the proffered facts or Declarant's opinion and/or summarization of Mr. Thomson's testimony.<br><br>Further, Declarant fails to | ☐ Sustained<br>☐ Overruled |

**EVIDENTIARY OBJECTIONS TO DECLARATION OF STEPHEN NEW**

| MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON THE OBJECTION: |
|---|---|---|
| Exhibit "1"). The accrued balances to Arcadian Vanguard begin in January 2023 and continues to grow throughout the year of 2023 to the current amount of $250,442.79. See pgs. 155-157 of Exhibit "1", see, also, Exhibit "9" and Exhibit "9a". | authenticate or lay any foundation for "Exhibit "1" or Exhibit "9" and "9A". <br><br> <u>Conclusionary</u> <br> *Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993). <br><br> <u>Best Evidence Rule (FRE 1002)</u> <br> Per the BER, Declarant's testimony as to the contents and nature of documents must be rejected, as the documents themselves are the best evidence of information proffered and speak for themselves. | ☐ Sustained <br> ☐ Overruled <br><br><br> ☐ Sustained <br> ☐ Overruled |
| **39.**      Declaration of New ¶ 41 <br><br> Kast Media did not list in its petition the revenues nor stock Kast obtained in Podcast One under the finder's fee agreement and other related agreements. Moreover, Podcast One paid Kast's line of credit Cap Chase 1.7 million dollars, with 1.392 million dollars' worth of Live One/Podcast One stock. (pgs. 160-163 of Exhibit "1") | <u>Lack of Foundation (FRE 901)/Lack of Personal knowledge (FRE 602)</u> <br> Declarant fails to lay an adequate foundation for the proffered facts or Declarant's opinion and/or summarization of Mr. Thomson's testimony. <br><br> Further, Declarant fails to authenticate or lay any foundation for "Exhibit "1". <br><br> <u>Conclusionary</u> <br> *Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993). <br><br> <u>Best Evidence Rule (FRE 1002)</u> <br> Per the BER, Declarant's testimony as to the contents and nature of documents must be rejected, as the documents themselves are the best evidence of information | ☐ Sustained <br> ☐ Overruled <br><br><br><br><br> ☐ Sustained <br> ☐ Overruled <br><br><br> ☐ Sustained <br> ☐ Overruled |

**EVIDENTIARY OBJECTIONS TO DECLARATION OF STEPHEN NEW**

| | MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON THE OBJECTION: |
|---|---|---|---|
| | | proffered and speak for themselves. | |
| | | <u>Relevance (FRE 402, 403, 408)</u> The petition is not where assets or revenues would be listed. Declarant only examined Mr. Thomson about the petition, and not the schedules. | ☐ Sustained ☐ Overruled |
| **40.** Declaration of New ¶ 42 <br><br> Q. Show me where in your bankruptcy petition…. shares…as an asset of Kast Media <br> A. I didn't see the shares listed on this form; I believe that they're not there. <br> (Pgs. 168-170 of Exhibit "1") | <u>Lack of Foundation (FRE 901)/Lack of Personal knowledge (FRE 602)</u> Declarant fails to lay an adequate foundation for the proffered facts. Declarant fails to authenticate or lay any foundation for "Exhibit "1". | ☐ Sustained ☐ Overruled |
| | | <u>Conclusory</u> <br> *Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993). | ☐ Sustained ☐ Overruled |
| | | <u>Best Evidence Rule (FRE 1002)</u> Per the BER, Declarant's testimony as to the contents and nature of documents must be rejected, as the documents themselves are the best evidence of information proffered and speak for themselves. | ☐ Sustained ☐ Overruled |
| | | <u>Relevance (FRE 402, 403, 408)</u> The petition is not where assets or revenues would be listed. Mr. New only examined Mr. Thomson about the petition, and not the schedules. | ☐ Sustained ☐ Overruled |
| **41.** Declaration of New ¶ 43 | <u>Lack of Foundation (FRE</u> | |

**EVIDENTIARY OBJECTIONS TO DECLARATION OF STEPHEN NEW**

| | MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON THE OBJECTION: |
|---|---|---|---|
| 1 | | | |
| 2 | Mr. Thomson has represented himself as a "sophisticated investor and has such knowledge and experience in financial and business matters that it is capable of evaluating merits and risk of – on investment in the shares and is able to bear the economic risk of such investment in the shares for an indefinite period of time and has the capacity to protect his, her, or its own interests as a result of the undersigned's status." (pg. 175 of Exhibit "1") However, Kast's petition does not speak to the finder's fee agreement or other related agreements with Podcast One, either in terms of disclosing the asset nor what will occur after the lockdown expires in September 2025. | <u>901)/Lack of Personal knowledge (FRE 602)</u> Declarant fails to lay an adequate foundation for the proffered facts or Declarant's opinion and/or summarization of Mr. Thomson's testimony. <br><br> Further, Declarant fails to authenticate or lay any foundation for "Exhibit "1". <br><br> <u>Conclusionary</u> *Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993). <br><br> <u>Best Evidence Rule (FRE 1002)</u> Per the BER, Declarant's testimony as to the contents and nature of documents must be rejected, as the documents themselves are the best evidence of information proffered and speak for themselves. | ☐ Sustained<br>☐ Overruled<br><br><br><br><br><br><br><br>☐ Sustained<br>☐ Overruled<br><br><br><br><br>☐ Sustained<br>☐ Overruled |
| 3–18 | | | |
| 19 | **42.**    Declaration of New ¶ 44 <br><br> Colin Thomson and his wife personally drained the assets of Kast media. See Exhibit "8". However, he does not know how or why over $200,000.00 to $300,000.00 of non-employee compensation came to him for each of the years of 2020, 2021, and 2022, (sic) | <u>Lack of Foundation (FRE 901)/Lack of Personal knowledge (FRE 602)</u> Declarant fails to lay an adequate foundation for the proffered facts. <br><br> Further, Declarant fails to authenticate or lay any foundation for "Exhibit "8". <br><br> <u>Opinion testimony</u> – the declarant's opinion that Mr. Thomson "drained" the assets of Kast is both lacking in foundation and irrelevant, and as such is inadmissible. | ☐ Sustained<br>☐ Overruled<br><br><br><br><br><br><br><br><br>☐ Sustained<br>☐ Overruled |
| 20–28 | | | |

**EVIDENTIARY OBJECTIONS TO DECLARATION OF STEPHEN NEW**

| MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON THE OBJECTION: |
|---|---|---|
| | <u>Conclusionary</u><br>*Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993). | ☐ Sustained<br>☐ Overruled |
| | <u>Best Evidence Rule (FRE 1002)</u><br>Per the BER, Declarant's testimony as to the contents and nature of documents must be rejected, as the documents themselves are the best evidence of information proffered and speak for themselves. | ☐ Sustained<br>☐ Overruled |
| **43.** Declaration of New ¶ 45<br><br>Despite withdrawing almost $800,000 personally from the company Mr. Thomson does not believe that his personal trips, credit card payments, or vehicle payments contributed to Kast's need to reorganize in bankruptcy. See page 183 of Exhibit "1". | <u>Lack of Foundation (FRE 901)/Lack of Personal knowledge (FRE 602)</u><br>Declarant fails to lay an adequate foundation for the proffered facts or Declarant's opinion and/or summarization of Mr. Thomson's testimony.<br><br>Further, Declarant fails to authenticate or lay any foundation for "Exhibit "1". | ☐ Sustained<br>☐ Overruled |
| | <u>Opinion/Argument/Relevance</u><br>Declarant's opinion/ characterization of Mr. Thomson's testimony is lacking in foundation, erroneous, irrelevant and inadmissible. | ☐ Sustained<br>☐ Overruled |
| | <u>Conclusionary</u><br>*Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993). | ☐ Sustained<br>☐ Overruled |
| | <u>Best Evidence Rule (FRE 1002)</u><br>Per the BER, Declarant's testimony as to the contents and nature of documents must be rejected, as the documents themselves are the best | ☐ Sustained<br>☐ Overruled |

**EVIDENTIARY OBJECTIONS TO DECLARATION OF STEPHEN NEW**

| | MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON THE OBJECTION: |
|---|---|---|---|
| | | evidence of information proffered and speak for themselves. | |
| | **44.**    Declaration of New ¶ 46<br><br>Kast benefited from its deals with Podcast One by virtue of Podcast One paying selected podcast partners to the tune of 2.5 million dollars (pgs. 188-190 of Exhibit "1"). Despite a line of credit of 4 million dollars in 2022, a loan of 2 million dollars in 2022, and Podcast One paying off the line of credit with CapChase at 1.7 million dollars, and Podcast One paying Brandon Schaub 1.6 million dollars, Kast nevertheless filed for bankruptcy. So poorly run was Kast that despite over 10 million dollars' worth of investments by outside entities Kast went into bankruptcy. Kast's records do not accurately reflect where this money went in 2022 and 2023. | <u>Lack of Foundation (FRE 901)/Lack of Personal knowledge (FRE 602)</u><br>Declarant fails to lay an adequate foundation for the proffered facts or Declarant's opinion and/or summarization of Mr. Thomson's testimony or events discussed.<br><br>Further, Declarant fails to authenticate or lay any foundation for "Exhibit "1". | ☐ Sustained<br>☐ Overruled |
| | | <u>Conclusionary</u><br>*Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993). | ☐ Sustained<br>☐ Overruled |
| | | <u>Best Evidence Rule (FRE 1002)</u><br>Per the BER, Declarant's testimony as to the contents and nature of documents must be rejected, as the documents themselves are the best evidence of information proffered and speak for themselves. | ☐ Sustained<br>☐ Overruled |
| | | <u>Relevance (FRE 402, 403, 408)</u><br>The Declarant's opinion is both lacking in foundation and irrelevant to this Court's factual analysis and is inadmissible. | ☐ Sustained<br>☐ Overruled |
| | **45.**    Declaration of New ¶ 47<br><br>Colin Thomson could not explain what salaries and wages were on | <u>Lack of Foundation (FRE 901)/Lack of Personal knowledge (FRE 602)</u><br>Declarant fails to lay an | ☐ Sustained<br>☐ Overruled |

34

**EVIDENTIARY OBJECTIONS TO DECLARATION OF STEPHEN NEW**

| | MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON THE OBJECTION: |
|---|---|---|---|
| | the tax returns., (pgs 208-210 and 212 and 213 of Exhibit "1"). Salaries and wages in 2022 increased to $3,485,450 and Mr. Thomson cannot explain how that happened. See pg. 218 of Exhibit - 1 -; see, also, Exhibit "10". | adequate foundation for the proffered facts or Declarant's opinion and/or summarization of Mr. Thomson's testimony.<br><br>Further, Declarant fails to authenticate or lay any foundation for "Exhibit "1" or Exhibit "10". | |
| | | <u>Conclusory</u><br>*Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993). | ☐ Sustained<br>☐ Overruled |
| | | <u>Best Evidence Rule (FRE 1002)</u><br>Per the BER, Declarant's testimony as to the contents and nature of documents must be rejected, as the documents themselves are the best evidence of information proffered and speak for themselves. | ☐ Sustained<br>☐ Overruled |
| | | <u>Relevance (FRE 402, 403, 408)</u><br>The Declarant's opinion is both lacking in foundation and irrelevant to this Court's factual analysis and is inadmissible. | ☐ Sustained<br>☐ Overruled |
| **46.** Declaration of New ¶ 48<br><br>In 2023, Mr. Thomson was not disclosing to potential investors his 2 million dollars of loss in 2022. See page 224 of Exhibit "1". Moreover, Kast renegotiated minimum guarantees saving $5,190,333 of money that should have gone to the podcasting partners who had minimum guarantees. See page 229 of Exhibit "1"; see, also, Exhibit | <u>Lack of Foundation (FRE 901)/Lack of Personal knowledge (FRE 602)</u><br>Declarant fails to lay an adequate foundation for the proffered facts or Declarant's opinion and/or summarization of Mr. Thomson's testimony.<br><br>Further, Declarant fails to authenticate or lay any foundation for "Exhibit "1" or Exhibit 11. | ☐ Sustained<br>☐ Overruled |

**EVIDENTIARY OBJECTIONS TO DECLARATION OF STEPHEN NEW**

| | MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON THE OBJECTION: |
|---|---|---|---|
| | "11". | <u>Conclusory</u><br>*Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993). | ☐ Sustained<br>☐ Overruled |
| | | <u>Best Evidence Rule (FRE 1002)</u><br>Per the BER, Declarant's testimony as to the contents and nature of documents must be rejected, as the documents themselves are the best evidence of information proffered and speak for themselves. | ☐ Sustained<br>☐ Overruled |
| | **47.** Declaration of New ¶ 49<br><br>Finally, Kast's banking records reveal wire transfers to Colin Thomson's wife Christine in the amount $176,000 from East West Bank. No 1099 miscellaneous income to Christine Thomson has been disclosed in this case (pgs. 252-253 of Exhibit "1"). | <u>Lack of Foundation (FRE 901)/Lack of Personal knowledge (FRE 602)</u><br>Declarant fails to lay an adequate foundation for the proffered facts or Declarant's opinion and/or summarization of Mr. Thomson's testimony.<br><br>Further, Declarant fails to authenticate or lay any foundation for "Exhibit "1". | ☐ Sustained<br>☐ Overruled |
| | | <u>Conclusory</u><br>*Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993). | ☐ Sustained<br>☐ Overruled |
| | | <u>Best Evidence Rule (FRE 1002)</u><br>Per the BER, Declarant's testimony as to the contents and nature of documents must be rejected, as the documents themselves are the best evidence of information proffered and speak for themselves. | ☐ Sustained<br>☐ Overruled |

**EVIDENTIARY OBJECTIONS TO DECLARATION OF STEPHEN NEW**

| MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON THE OBJECTION: |
|---|---|---|
| **48.** Declaration of New ¶ 50<br><br>In addition to paying Christine Thomson large sums of money, the Thomsons lived like it was their own personal piggy bank, as evidenced by the purchase of out of Kast Media Inc. from Cartier Jewelers in New York City, which was paid for by Kast. (See pg 247— of jewelry Exhibit "1-, see, also, Exhibit "12".) | <u>Lack of Foundation (FRE 901)/Lack of Personal knowledge (FRE 602)</u> Declarant fails to lay an adequate foundation for the proffered facts or Declarant's opinion and/or summarization of Mr. Thomson's testimony.<br><br>Further, Declarant fails to authenticate or lay any foundation for "Exhibit "1" or Exhibit "12". | ☐ Sustained<br>☐ Overruled |
| | <u>Conclusionary</u><br>*Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993). | ☐ Sustained<br>☐ Overruled |
| | <u>Best Evidence Rule (FRE 1002)</u> Per the BER, Declarant's testimony as to the contents and nature of documents must be rejected, as the documents themselves are the best evidence of information proffered and speak for themselves. | ☐ Sustained<br>☐ Overruled |

RESPECTFULLY SUBMITTED,

DATED: October 15, 2024                    LESLIE COHEN LAW PC


_____*/s/ Leslie A. Cohen*_____
                    Leslie A. Cohen
                    Attorneys for Debtor

**EVIDENTIARY OBJECTIONS TO DECLARATION OF STEPHEN NEW**

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1615-A Montana Avenue, Santa Monica, CA 90403

A true and correct copy of the foregoing document entitled **EVIDENTIARY OBJECTIONS TO DECLARATION OF STEPHEN NEW IN SUPPORT OF OBJECTIONS BY ARCADIAN VANGUARD LLC TO THE DEBTOR'S SUBCHAPTER V PLAN [DOCKET NO. 165-2]**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)        10/15/24        , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the

Kathleen A Cashman-Kramer    kcashman-kramer@fennemorelaw.com, theresam@psdslaw.com

Russell Clementson    russell.clementson@usdoj.gov

Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Asha Dhillon    asha.dhillon@turnerdhillon.com

Moriah Douglas Flahaut (TR)    df@echoparklegal.com, C194@ecfcbis.com

Samuel R Maizel    samuel.maizel@dentons.com, alicia.aguilar@dentons.com;docket.general.lit.LOS@dentons.com;tania.moyron@dentons.com;kathryn.howard@dentons.com;joan.mack@dentons.com;derry.kalve@dentons.com

Matthew J Matern    mmatern@maternlawgroup.com, lolarra@maternlawgroup.com;ereyes@maternlawgroup.com;rsuh@maternlawgroup.com;jboxer@maternlawgroup.com

Gary B Rudolph    grudolph@fennemorelaw.com, bkstaff@sullivanhill.com;vidovich@ecf.inforuptcy.com;rudolph@ecf.courtdrive.com;kcashman-kramer@fennemorelaw.com;ejames@fennemorelaw.com;james@ecf.courtdrive.com

United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

## 2.  SERVED BY UNITED STATES MAIL:

On (*date*)        10/15/24        , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached pages

## 3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed ☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/15/24 | Clare Hendricks | /s/ Clare Hendricks |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.