Leslie A. Cohen, Esq. (SBN: 93698)
leslie@lesliecohenlaw.com
J'aime Williams Kerper, Esq. (SBN 261148)
jaime@lesliecohenlaw.com
LESLIE COHEN LAW, PC
1615-A Montana Avenue
Santa Monica, CA 90403
Telephone:  (310) 394-5900
Facsimile:  (310) 394-9280

Attorneys for Debtor Kast Media, Inc.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>KAST MEDIA INC.<br><br>　　　　　Debtor.<br>. | Case No. 1:24-bk-10396-MB<br><br>Ch. 11<br><br>**EVIDENTIARY OBJECTIONS TO DECLARATION OF DUSTIN KNOUSE IN SUPPORT OF OBJECTIONS BY ARCADIAN VANGUARD LLC TO THE DEBTOR'S SUBCHAPTER V PLAN [DOCKET NO. 165-3]; MOTION TO STRIKE**<br><br><u>**Plan Confirmation Hearing**</u>**:**<br>Date: October 22, 2024<br>Time: 1:30 p.m.<br>Via Zoomgov<br><br>Video/audio web address:<br>https://cacb.zoomgov.com/j/1614174604<br>ZoomGov meeting number: 161 417 4604<br>Password: 392703 Telephone conference lines: 1 (669) 254 5252 or 1 (646) 828 7666 |

1

**EVIDENTIARY OBJECTIONS TO DECLARATION OF DUSTIN KNOUSE**

Kast Media Inc., ("**Debtor**") respectfully submits the following evidentiary objections to the *Declaration* ("**Declaration**") of *Dustin Knouse* ("**Declarant**") *In Support Of Arcadian Vanguard's Objection to the Debtor's Subchapter V Plan* [Docket No. 165-3] filed by Creditor Arcadian Vanguard LLC ("**Arcadian**").

## APPLICABLE FEDERAL RULES OF EVIDENCE

Federal Rule of Evidence ("**FRE**") 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence."  The statement is irrelevant if it does not have any probative value with respect to the proposition that is of consequence to the determination of the action. *U.S. v. Hall*, 653 F.2d 1002 (5th Cir. 1981).  FRE 402 states simply that evidence "which is not relevant is not admissible."  FRE 403 provides that "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  FRE 408 states that "[e]vidence of the following is not admissible — on behalf of any party — either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction: (1) furnishing, promising, or offering — or accepting, promising to accept, or offering to accept — a valuable consideration in compromising or attempting to compromise the claim; and (2) conduct or a statement made during compromise negotiations about the claim[.]"

FRE 404 prohibits the use of evidence of a person's character or character trait to prove that on a particular occasion the person acted in accordance with the character or trait, except in criminal cases. Likewise, FRE 404 prohibits the use of evidence of any other crime, wrong, or act to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

FRE 602 limits the testimony of a witness to only matters on which evidence is introduced sufficient to support a finding that the witness has personal knowledge of the

matter.

FRE 701 limits the testimony of a lay witness by providing that "[i]f the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  See also FRE Article V.

FRE 901 provides that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."  Therefore, before a court can admit any statement or document into evidence, the proponent must lay an appropriate foundation.  *See e.g., Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.3d 1542, 1550-51 (9th Cir. 1990).

In order to lay a proper foundation, a declarant must establish that that information is based on personal knowledge and set forth such facts that would be admissible and that the affiant is competent to testify on the matters stated.  Therefore, "[c]onclusory affidavits that do not affirmatively show personal knowledge of specific facts are insufficient." *Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993).

***The Debtor objects to, and submits that the Court should strike the entire Declaration (and any attachments/references) altogether as it is in direct violation of, and controverted by, the Confidential Separation And Release Agreement ("Agreement") filed by Declarant with the Court at Docket No. 144. The Agreement specifically states that it is confidential and includes a non-disclosure provision as well as a non-disparagement provision.  See Docket No. 144, pages 7-14.***

***Moreover, Arcadian is attempting to use the Declaration to challenge Colin Thomson's ability to lead the Debtor currently and under the Plan; however, Declarant has no knowledge of the Debtor's operations or Mr. Thomson's***

3

**EVIDENTIARY OBJECTIONS TO DECLARATION OF DUSTIN KNOUSE**

*leadership since his termination in May 2021, and therefore his entire declaration is improper character evidence and inadmissible under FRE 404.*

*Declarant's statements and repeated filings in this bankruptcy case are in direct violation of the Agreement, he lacks personal knowledge of the Debtor's operations over the last 3-1/2 years, and his declaration should be stricken and not considered.*

**SPECIFIC EVIDENTIARY OBJECTIONS**

| MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON THE OBJECTION: |
|---|---|---|
| **1.** Declaration of Knouse, ¶ 1.<br><br>I was formerly employed by the Debtor Kast Media from 2017 until 2023. | <u>Lack of Foundation (FRE 901)</u><br>Declarant fails to lay an adequate foundation for the proffered facts. The Agreement filed by Declarant at Docket No. 144 specifically states that Declarant's employment with the Debtor terminated on May 11, 2021. | ☐ Sustained<br>☐ Overruled |
| **2.** Declaration of Knouse, ¶ 2<br><br>This declaration is consistent with the letter that I sent to this Court, and which appears on the docket in this case on June 24, 2023 as ECF #80. | <u>Relevance (FRE 402, 403, 408)</u><br>The statement is irrelevant to plan confirmation and should not be considered. | ☐ Sustained<br>☐ Overruled |
| | <u>Conclusionary</u><br>*Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993). | ☐ Sustained<br>☐ Overruled |
| | <u>Best Evidence Rule (FRE 1002)</u><br>Per the BER, Declarant's testimony as to the contents and nature of documents must be rejected, as the documents themselves are the best evidence of information proffered and speak for themselves. | ☐ Sustained<br>☐ Overruled |
| | <u>Hearsay (FRE Art. VIII)</u><br>Declarant's reliance on his own | ☐ Sustained<br>☐ Overruled |

| MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON THE OBJECTION: |
|---|---|---|
| | prior written statements constitutes inadmissible hearsay. | |
| | Violation of confidentiality and non-disparagement provisions in Agreement. | ☐ Sustained<br>☐ Overruled |
| **3.** Declaration of Knouse, ¶ 3<br><br>I worked with Colin Thomson in the beginning, when he was basically just a guy with a laptop editing other people's podcasts. I used to cohost a pretty successful podcast on Podcast One back in the day (Penn's Sunday School with Penn Jillette) and discuss with Colin how a network works, and everything Podcast One did wrong. | Relevance (FRE 402, 403, 408)<br>The statement is irrelevant to plan confirmation issues and should not be considered.<br><br>Conclusionary<br>*Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993). | ☐ Sustained<br>☐ Overruled<br><br><br>☐ Sustained<br>☐ Overruled |
| **4.** Declaration of Knouse, ¶ 4<br><br>We used that as a way to look at how to approach making Kast into a network - doing the opposite of Podcast One. I wanted to focus on being extremely supportive of creators, and Colin always referred to me as his business partner. Even when we were soliciting investors to try to grow the company, Colin promised me equity in Kast. | Relevance (FRE 402, 403, 408)<br>The statement is irrelevant to plan confirmation issues and should not be considered.<br><br>Conclusionary<br>*Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993).<br><br>Hearsay (FRE Art. VIII)<br>The statement is based upon out-of-court statements of those besides Declarant, being offered for the truth of the matter asserted, and thus they constitute impermissible, inadmissible hearsay (FRE Article VIII).<br><br>Violation of non-disparagement provisions in Agreement. | ☐ Sustained<br>☐ Overruled<br><br><br>☐ Sustained<br>☐ Overruled<br><br><br>☐ Sustained<br>☐ Overruled<br><br><br><br>☐ Sustained<br>☐ Overruled |

5

**EVIDENTIARY OBJECTIONS TO DECLARATION OF DUSTIN KNOUSE**

| MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON THE OBJECTION: |
|---|---|---|
| **5.** Declaration of Knouse, ¶ 5<br><br>Colin never let me see Kast's financials, which I knew was a red flag. I knew I could not properly set up goals and budgets without that, and he always had an excuse as to why he could not show them to me. | <u>Relevance (FRE 402, 403, 408)</u><br>The statement is irrelevant to plan confirmation issues and should not be considered. | ☐ Sustained<br>☐ Overruled |
| | <u>Conclusionary</u><br>*Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993). | ☐ Sustained<br>☐ Overruled |
| | <u>Improper Character Evidence (FRE 404)</u><br>Declarant's statements relating to Mr. Thomson's prior alleged actions are inadmissible to prove the Mr. Thomis is currently acting, or has acted in accordance with that character or trait since Declarant's termination in May 2021. | ☐ Sustained<br>☐ Overruled |
| | <u>Violation of non-disparagement provisions in Agreement.</u> | ☐ Sustained<br>☐ Overruled |
| **6.** Declaration of Knouse, ¶ 6<br><br>Over time it changed from promised equity, to stock options, which greatly upset me. I was hearing that payments were being made late and I would often let him know he could not ignore paying people. He kept bringing on more shows, but not more staff to handle it until everyone was overworked, underpaid, and burned out. | <u>Relevance (FRE 402, 403, 408)</u><br>The statement is irrelevant to plan confirmation issues and should not be considered. | ☐ Sustained<br>☐ Overruled |
| | <u>Conclusionary</u><br>*Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993). | ☐ Sustained<br>☐ Overruled |
| | <u>Improper Character Evidence (FRE 404)</u><br>Declarant's statements relating to Mr. Thomson's prior alleged actions are inadmissible to prove the Mr. Thomson is | ☐ Sustained<br>☐ Overruled |

6

**EVIDENTIARY OBJECTIONS TO DECLARATION OF DUSTIN KNOUSE**

| MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON THE OBJECTION: |
|---|---|---|
| | currently acting, or has acted in accordance with that character or trait since Declarant's termination in May 2021. | |
| | Hearsay (FRE Art. VIII) <br><br> The statement is based upon out-of-court statements of those besides Declarant, being offered for the truth of the matter asserted, and thus they constitute impermissible, inadmissible hearsay (FRE Article VIII). | ☐ Sustained <br> ☐ Overruled |
| | Violation of non-disparagement provisions in Agreement. | ☐ Sustained <br> ☐ Overruled |
| **7.** Declaration of Knouse ¶ 7. <br><br> Colin refused to pay me overtime and make proper schedules for people to be able to have lunch. I tried to spare my team by putting in more time. I was working 70-80 hours a week for less than what I would have made as a producer at any other network while having the title "VP". I felt that I was strung along by Colin with the promise of getting it back once the network finally sold and had it's [sic] own shows/IP. | Relevance (FRE 402, 403, 408) <br> The statement is irrelevant to plan confirmation issues and should not be considered. | ☐ Sustained <br> ☐ Overruled |
| | Conclusionary <br> *Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993). | ☐ Sustained <br> ☐ Overruled |
| | Improper Character Evidence (FRE 404) <br> Declarant's statements relating to Mr. Thomson's prior alleged actions are inadmissible to prove the Mr. Thomson is currently acting, or has acted in accordance with that character or trait since Declarant's termination in May 2021. | ☐ Sustained <br> ☐ Overruled |
| | Hearsay (FRE Art. VIII) <br><br> The statement is based upon out-of-court statements of those | ☐ Sustained <br> ☐ Overruled |

7

**EVIDENTIARY OBJECTIONS TO DECLARATION OF DUSTIN KNOUSE**

| MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON THE OBJECTION: |
|---|---|---|
| | besides Declarant, being offered for the truth of the matter asserted, and thus they constitute impermissible, inadmissible hearsay (FRE Article VIII). | |
| | <u>Violation of non-disparagement provisions in Agreement.</u> | ☐ Sustained<br>☐ Overruled |
| **8.** Declaration of Knouse ¶ 8.<br><br>I told Colin he needed to pay his producers overtime and that he could not run Kast the way he was. He said to me, "If they have a problem not being paid overtime they can sue me. Just kidding, but not really." | <u>Relevance (FRE 402, 403, 408)</u><br>The statement is irrelevant to plan confirmation issues and should not be considered. | ☐ Sustained<br>☐ Overruled |
| | <u>Conclusionary</u><br>*Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993). | ☐ Sustained<br>☐ Overruled |
| | <u>Improper Character Evidence (FRE 404)</u><br>Declarant's statements relating to Mr. Thomson's prior alleged actions are inadmissible to prove the Mr. Thomson is currently acting, or has acted in accordance with that character or trait since Declarant's termination in May 2021. | ☐ Sustained<br>☐ Overruled |
| | <u>Hearsay (FRE Art. VIII)</u><br>The statement is based upon out-of-court statements of those besides Declarant, being offered for the truth of the matter asserted, and thus they constitute impermissible, inadmissible hearsay (FRE Article VIII). | ☐ Sustained<br>☐ Overruled |

8

**EVIDENTIARY OBJECTIONS TO DECLARATION OF DUSTIN KNOUSE**

| MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON THE OBJECTION: |
|---|---|---|
|  | Violation of non-disparagement provisions in Agreement. | ☐ Sustained<br>☐ Overruled |
| **9.** Declaration of Knouse ¶ 9.<br><br>In 2021 when I was about to launch the Howie Mandel podcast show, my wife and I had a child. But the child was born 3 months premature. As a result, Colin said he wanted to wait for the launch of Howie's show. He said he wanted to redo the pilot, even though we had everything set up for launch. | Relevance (FRE 402, 403, 408)<br>The statement is irrelevant to plan confirmation issues and should not be considered.<br><br>Conclusionary<br>*Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993).<br><br>Improper Character Evidence (FRE 404)<br>Declarant's statements relating to Mr. Thomson's prior alleged actions are inadmissible to prove the Mr. Thomson is currently acting, or has acted in accordance with that character or trait since Declarant's termination in May 2021.<br><br>Hearsay (FRE Art. VIII)<br>The statement is based upon out-of-court statements of those besides Declarant, being offered for the truth of the matter asserted, and thus they constitute impermissible, inadmissible hearsay (FRE Article VIII).<br><br>Violation of non-disparagement provisions in Agreement. | ☐ Sustained<br>☐ Overruled<br><br><br><br>☐ Sustained<br>☐ Overruled<br><br><br><br><br>☐ Sustained<br>☐ Overruled<br><br><br><br><br><br><br><br>☐ Sustained<br>☐ Overruled<br><br><br><br><br><br><br><br>☐ Sustained<br>☐ Overruled |
| **10.** Declaration of Knouse ¶ 10.<br><br>After the child was born pre-mature I told Colin I could not | Relevance (FRE 402, 403, 408)<br>The statement is irrelevant to plan confirmation issues and | ☐ Sustained<br>☐ Overruled |

9

**EVIDENTIARY OBJECTIONS TO DECLARATION OF DUSTIN KNOUSE**

| MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON THE OBJECTION: |
|---|---|---|
| work the hours I used to (which were all logged in a time tracker). I said I had to cut it down. This was in a big COVID surge. I was spending every day at the hospital with my child, every day not knowing if he was going to live or die. He was born at 26 weeks and weighed 2.1 pounds. | should not be considered.<br><br>Conclusionary<br>*Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993).<br><br>Improper Character Evidence (FRE 404)<br>Declarant's statements relating to Mr. Thomson's prior alleged actions are inadmissible to prove the Mr. Thomson is currently acting, or has acted in accordance with that character or trait since Declarant's termination in May 2021.<br><br>Violation of non-disparagement provisions in Agreement. | ☐ Sustained<br>☐ Overruled<br><br>☐ Sustained<br>☐ Overruled<br><br><br><br><br><br>☐ Sustained<br>☐ Overruled |
| **11.**     Declaration of Knouse ¶ 11.<br><br>Colin knew what I was going through. A week or so after my son was born Colin sent me an email saying I was the delay of Howie's launch, that there were communication issues lately, and that if things didn't get better I would be let go in 30 days. I knew it was retaliation for standing up for the team. | Lack of Foundation (FRE 901)/Lack of Personal knowledge (FRE 602)<br>Declarant fails to lay an adequate foundation for the proffered facts. Specifically, Declarant fails to establish her personal knowledge of what Colin did or did not know.<br><br>Opinion testimony<br>Declarant's opinion about what Mr. Thomson "knew" is his own lay opinion and is inadmissible.<br><br>Relevance (FRE 402, 403, 408)<br>The statement is irrelevant to plan confirmation issues and should not be considered. | ☐ Sustained<br>☐ Overruled<br><br><br><br>☐ Sustained<br>☐ Overruled<br><br><br>☐ Sustained<br>☐ Overruled<br><br><br>☐ Sustained<br>☐ Overruled |

10

**EVIDENTIARY OBJECTIONS TO DECLARATION OF DUSTIN KNOUSE**

| MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON THE OBJECTION: |
|---|---|---|
| | <u>Conclusionary</u><br>*Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993). | ☐ Sustained<br>☐ Overruled |
| | <u>Improper Character Evidence (FRE 404)</u><br>Declarant's statements relating to Mr. Thomson's prior alleged actions are inadmissible to prove the Mr. Thomson is currently acting, or has acted in accordance with that character or trait since Declarant's termination in May 2021. | ☐ Sustained<br>☐ Overruled |
| | <u>Hearsay (FRE Art. VIII)</u><br>The statement is based upon out-of-court statements of those besides Declarant, being offered for the truth of the matter asserted, and thus they constitute impermissible, inadmissible hearsay (FRE Article VIII). | ☐ Sustained<br>☐ Overruled |
| | <u>Best Evidence Rule (FRE 1002)</u><br>Per the BER, Declarant's testimony as to the contents and nature of documents must be rejected, as the documents themselves are the best evidence of information proffered and speak for themselves. | ☐ Sustained<br>☐ Overruled |
| | <u>Violation of non-disparagement provisions in Agreement.</u> | ☐ Sustained<br>☐ Overruled |
| **12.**  Declaration of Knouse ¶ 12. | <u>Relevance (FRE 402, 403, 408)</u><br>The statement is irrelevant to plan confirmation issues and should not be considered. | ☐ Sustained<br>☐ Overruled |

11

**EVIDENTIARY OBJECTIONS TO DECLARATION OF DUSTIN KNOUSE**

| MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON THE OBJECTION: |
|---|---|---|
| Not wanting to be fired with my family situation completely turned upside down, I continued working 60 hours a week. I would work at Kast during the day, then at night see my son. My wife and I weren't allowed in the hospital at the same time. I would wait in the car while she saw him, then we would trade off. At one point he was diagnosed with hydrocephalus and had to be rushed to Children's Hospital where we feared he would have to undergo brain surgery. At multiple points, he was showing signs of NEC, a gastrointestinal problem that is almost always fatal in infants. I was always open about what was going on with him, and my team. | <u>Conclusionary</u><br>*Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993).<br><br><u>Violation of non-disparagement provisions in Agreement.</u> | ☐ Sustained<br>☐ Overruled<br><br><br><br>☐ Sustained<br>☐ Overruled |
| **13.**  Declaration of Knouse ¶ 13<br><br>Colin told me things were better and he saw improvements with my performance. In fact, I had even received another performance bonus.<br>I have always received the full performance bonus amount during my time at Kast, and had not once had the amount reduced due to a lack of performance or missing goals. | <u>Relevance (FRE 402, 403, 408)</u><br>The statement is irrelevant to plan confirmation issues and should not be considered.<br><br><u>Conclusionary</u><br>*Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993).<br><br><u>Improper Character Evidence (FRE 404)</u><br>Declarant's statements relating to Mr. Thomson's prior alleged actions are inadmissible to prove the Mr. Thomson is currently acting, or has acted in accordance with that character or trait since Declarant's termination in May 2021.<br><br><u>Hearsay (FRE Art. VIII)</u><br><br>The statement is based upon out-of-court statements of those | ☐ Sustained<br>☐ Overruled<br><br><br><br>☐ Sustained<br>☐ Overruled<br><br><br><br>☐ Sustained<br>☐ Overruled<br><br><br><br><br><br><br>☐ Sustained<br>☐ Overruled |

12
**EVIDENTIARY OBJECTIONS TO DECLARATION OF DUSTIN KNOUSE**

| MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON THE OBJECTION: |
|---|---|---|
| | besides Declarant, being offered for the truth of the matter asserted, and thus they constitute impermissible, inadmissible hearsay (FRE Article VIII). | |
| | Violation of non-disparagement provisions in Agreement. | ☐ Sustained<br>☐ Overruled |
| **14.** Declaration of Knouse ¶ 14<br><br>Three days before I was supposed to take my paternity leave, and finally get my son home after months in the hospital - Colin called me up and let me go. | Relevance (FRE 402, 403, 408) The statement is irrelevant to plan confirmation issues and should not be considered. | ☐ Sustained<br>☐ Overruled |
| | Conclusionary<br>*Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993). | ☐ Sustained<br>☐ Overruled |
| | Hearsay (FRE Art. VIII)<br>The statement is based upon out-of-court statements of those besides Declarant, being offered for the truth of the matter asserted, and thus they constitute impermissible, inadmissible hearsay (FRE Article VIII). | ☐ Sustained<br>☐ Overruled |
| | Violation of non-disparagement provisions in Agreement. | ☐ Sustained<br>☐ Overruled |
| **15.** Declaration of Knouse ¶ 15<br><br>So Colin really messed me up. I was defeated, exhausted emotionally, and could not put up a fight. I wish I had sued then and there, but I didn't have it in me while emotionally dealing with my son's health. | Relevance (FRE 402, 403, 408) The statement is irrelevant to plan confirmation issues and should not be considered. | ☐ Sustained<br>☐ Overruled |
| | Conclusionary<br>*Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993). | ☐ Sustained |

13

**EVIDENTIARY OBJECTIONS TO DECLARATION OF DUSTIN KNOUSE**

| MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON THE OBJECTION: |
|---|---|---|
| | | ☐ Overruled |
| | Improper Character Evidence (FRE 404)<br>Declarant's statements relating to Mr. Thomson's prior alleged actions are inadmissible to prove the Mr. Thomson is currently acting, or has acted in accordance with that character or trait since Declarant's termination in May 2021. | ☐ Sustained<br>☐ Overruled |
| | Violation of non-disparagement provisions in Agreement. | ☐ Sustained<br>☐ Overruled |
| **16.** Declaration of Knouse ¶ 16<br><br>Now, comes the press release for Podcast One which said there was an all-stock buyout. There are several of us who have stock options – including me - and in the event of a buyout like this, my stock options were supposed to be converted to stock in Kast. We have never heard anything from Colin regarding conversion despite his promises. | Relevance (FRE 402, 403, 408)<br>The statement is irrelevant to plan confirmation issues and should not be considered. | ☐ Sustained<br>☐ Overruled |
| | Conclusionary<br>*Casey v. Lewis*, 4 F.3d 1516, 1527 (9th Cir.1993). | ☐ Sustained<br>☐ Overruled |
| | Improper Character Evidence (FRE 404)<br>Declarant's statements relating to Mr. Thomson's prior alleged actions are inadmissible to prove the Mr. Thomson is currently acting, or has acted in accordance with that character or trait since Declarant's termination in May 2021. | ☐ Sustained<br>☐ Overruled |
| | Hearsay (FRE Art. VIII)<br><br>The statement is based upon out-of-court statements of those besides Declarant, being offered for the truth of the matter | ☐ Sustained<br>☐ Overruled |

14

**EVIDENTIARY OBJECTIONS TO DECLARATION OF DUSTIN KNOUSE**

| MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON THE OBJECTION: |
|---|---|---|
| | asserted, and thus they constitute impermissible, inadmissible hearsay (FRE Article VIII).<br><br>Violation of non-disparagement provisions in Agreement. | ☐ Sustained<br>☐ Overruled |

RESPECTFULLY SUBMITTED,

DATED: October 15, 2024          LESLIE COHEN LAW PC


          ___/s/ Leslie A. Cohen_____
               Leslie A. Cohen
               Attorneys for Debtor

---

15

**EVIDENTIARY OBJECTIONS TO DECLARATION OF DUSTIN KNOUSE**

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1615-A Montana Avenue, Santa Monica, CA 90403

A true and correct copy of the foregoing document entitled (*specify* **EVIDENTIARY OBJECTIONS TO DECLARATION OF DUSTIN KNOUSE IN SUPPORT OF OBJECTIONS BY ARCADIAN VANGUARD LLC TO THE DEBTOR'S SUBCHAPTER V PLAN [DOCKET NO. 165-3]; MOTION TO STRIKE**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ___10/15/24___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the

Kathleen A Cashman-Kramer    kcashman-kramer@fennemorelaw.com, theresam@psdslaw.com
Russell Clementson    russell.clementson@usdoj.gov
Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
Asha Dhillon    asha.dhillon@turnerdhillon.com
Moriah Douglas Flahaut (TR)    df@echoparklegal.com, C194@ecfcbis.com
Samuel R Maizel    samuel.maizel@dentons.com, alicia.aguilar@dentons.com;docket.general.lit.LOS@dentons.com;tania.moyron@dentons.com;kathryn.howard@dentons.com;joan.mack@dentons.com;derry.kalve@dentons.com
Matthew J Matern    mmatern@maternlawgroup.com, lolarra@maternlawgroup.com;ereyes@maternlawgroup.com;rsuh@maternlawgroup.com;jboxer@maternlawgroup.com
Gary B Rudolph    grudolph@fennemorelaw.com, bkstaff@sullivanhill.com;vidovich@ecf.inforuptcy.com;rudolph@ecf.courtdrive.com;kcashman-kramer@fennemorelaw.com;ejames@fennemorelaw.com;james@ecf.courtdrive.com
United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) ___10/15/24___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached pages

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed   ☐   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/15/24 | Clare Hendricks | /s/ Clare Hendricks |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                **F 9013-3.1.PROOF.SERVICE**