Andre L. Verdun (SBN 265436)
**Law Office of Andre L. Verdun**
590 W. Main St. #108
Santa Paula, CA 93060
Tel. (619) 880-0110
Fax. (866) 804-0051
andre@verdunlaw.com

Attorney for Plaintiff,
River Donaghey

The Law Offices of: Andre L. Verdun

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**
**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br>**KAST MEDIA, INC.,**<br>Debtor. | Case No.: **1:24-bk-10396-MB**<br>Adv. No.: ________________ |
| **RIVER DONAGHEY, an individual,**<br><br>Plaintiff,<br><br>vs.<br><br>**KAST MEDIA, INC., a Delaware corporation, as Reorganized Debtor**<br><br>Defendant. | Chapter 11 (Subchapter V)<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF:**<br>**(1) DETERMINATION OF INTEREST IN PROPERTY;**<br>**(2) EFFECT OF CONFIRMED PLAN ON EMPLOYMENT AGREEMENT;**<br>**(3) DETERMINATION OF SCOPE OF DISCHARGE AND PLAN INJUNCTION; AND**<br>**(4) INJUNCTION** |

THE LAW OFFICES OF: ANDRE L. VERDUN

Plaintiff RIVER DONAGHEY ("Donaghey" or "Plaintiff") alleges as follows against Defendant KAST MEDIA, INC. ("Kast," the "Debtor," or the "Reorganized Debtor"):

## I. STATEMENT REGARDING CONSENT AND NATURE OF THE PROCEEDING

1. Pursuant to Federal Rule of Bankruptcy Procedure 7008 and Local Bankruptcy Rule 7008-1, Plaintiff consents to the entry of final orders or judgment by the Bankruptcy Court in this adversary proceeding.

2. This adversary proceeding asks the Court that confirmed the Debtor's plan and entered the Debtor's discharge to determine the effect of those orders on property and rights that Donaghey holds. Donaghey asks the Court to declare (a) that Donaghey owns the podcast known as *Good Cult*, including the pre-existing works and the name, and that those interests did not become property of the Debtor free and clear of Donaghey's interests; (b) that, under the Debtor's own confirmed plan, any rights the Debtor held under Donaghey's pre-petition Employment Agreement, including any license, were extinguished and the agreement was deemed rejected upon confirmation; (c) that claims arising from the Reorganized Debtor's conduct after confirmation were not discharged and are not enjoined; and (d) in the alternative, that claims arising before confirmation were not discharged as to Donaghey because the Debtor gave Donaghey no notice of the bankruptcy case, the claims bar date, the plan, or the confirmation hearing. Donaghey seeks no collection of any debt in this proceeding and asks this Court, rather than any other forum, to decide the scope of its own discharge and confirmation orders.

## II. JURISDICTION AND VENUE

3. This adversary proceeding relates to *In re Kast Media, Inc.*, Case No. 1:24-bk-10396-MB, a case under Chapter 11, Subchapter V, of title 11 of the United States Code, pending in the United States Bankruptcy Court for the Central District of California, San Fernando Valley Division (the "Bankruptcy Case").

4. This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334(b). This proceeding arises in the Bankruptcy Case because it requires the Court to interpret and apply the "Debtor's Plan of Reorganization for Subchapter V Debtor" filed June 11, 2024 (Docket No. 71) (the "Plan"), the Court's Findings of Fact, Conclusions of Law and Order Confirming Subchapter V Chapter 11 Plan entered May 28, 2025 (Docket No. 444) (the "Confirmation Order"), and the Court's Order of Discharge entered November 14, 2025 (Docket No. 489) (the "Discharge Order").

5. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O) because it concerns the nature and extent of property of the estate and the effect of the confirmed Plan and discharge on the debtor-creditor relationship. To the extent any part of this proceeding is determined to be non-core, Plaintiff consents to entry of final orders or judgment by this Court, as stated in paragraph 1.

6. In Article 8.08 of the Plan, the Court retained jurisdiction, "in addition to jurisdiction which exists in any other court," among other things "[t]o resolve any and all disputes regarding the operation and interpretation of the Plan and the Confirmation Order" and "[t]o determine all applications, motions, adversary proceedings, contested matters, and any other litigated matters instituted during the pendency of this case whether before, on, or after the Effective Date." In Section I of the Confirmation Order, the Court further retained jurisdiction "[t]o issue orders in aid of execution of the Plan's provisions . . . including orders interpreting, enforcing, or clarifying its provisions."

7. This is an adversary proceeding under Federal Rule of Bankruptcy Procedure 7001(b) (a proceeding to determine the validity, priority, or extent of an interest in property), 7001(f) (a proceeding to determine whether a debt is dischargeable), 7001(g) (a proceeding to obtain an injunction or other equitable relief), and 7001(i) (a proceeding to obtain a declaratory judgment related to those proceedings). Declaratory relief is authorized by 28 U.S.C. § 2201.



THE LAW OFFICES OF: ANDRE L. VERDUN

8. Venue is proper in this district under 28 U.S.C. § 1409(a) because the Bankruptcy Case is pending in this district.

## III. PARTIES

9. Plaintiff River Donaghey is an individual. Donaghey is a writer, podcast producer, and podcast host, and is the creator of the podcast known as *Good Cult*.

10. Defendant Kast Media, Inc. is a Delaware corporation. Kast is the debtor in the Bankruptcy Case and, following the Effective Date of the Plan, is the Reorganized Debtor.

## IV. GENERAL ALLEGATIONS

### A. Donaghey Created Good Cult Before Any Relationship with Kast

11. *Good Cult* is a narrative podcast about the New Age personal-growth community in Oregon in which Donaghey grew up and in which Donaghey's parents participated.

12. Donaghey conceived, named, wrote, and began producing *Good Cult* before Donaghey had any employment or other relationship with Kast.

13. On April 8, 2021, Donaghey sent a written email to collaborators introducing the show by name, describing the show as "a deep dive into the history of the New Age personal growth community I grew up inside in Oregon," attaching a recorded audio teaser titled "GOOD CULT TEASER_ROUGH D3.mp3," and describing a theme song recruited for the show. On April 12, 2021, Donaghey's collaborators circulated a written production schedule for the *Good Cult* pilot and five additional episodes.

14. Before June 24, 2021, Donaghey wrote a script titled *Good Cult*, "Lots of New Age Touchy-Feely Stuff," identifying Donaghey as author.

15. On June 23, 2021, Donaghey sent a recording titled "Good Cult, Episode One" to third parties by email.



THE LAW OFFICES OF: ANDRE L. VERDUN

THE LAW OFFICES OF: ANDRE L. VERDUN

**B. <u>Donaghey Disclosed Good Cult to Kast and Reserved It Before Signing</u>**

16. On June 2, 2021, Kast's founder and chief executive officer, Colin Thomson ("Thomson"), offered Donaghey a position as a narrative producer and writer on a different Kast podcast, *Opportunist*, with a proposed start date of June 24, 2021.

17. On June 3, 2021, before accepting, Donaghey asked Thomson in writing: "Is it OK if I finish my current projects on my own time? I'd be open to giving you right-of-first-refusal or working out a partnership plan, whatever feels right for you." Thomson answered in writing: "Happy to let you finish them out provided they do not interfere with your Kast work. There will be a place in the contract for you to fill in them."

18. On June 14, 2021, Thomson sent Donaghey Kast's standard employee contract. The same day, Donaghey asked Thomson in writing to confirm that the contract's "Prior Creations" provision did not interfere with Donaghey's work on Donaghey's current projects and noted that the contract had no place to list those projects.

19. On June 17, 2021, Thomson responded in writing: "Got it. You will want to list those in Exhibit C, and additionally I can add some verbiage that says, after the 5C paragraph, 'Notwithstanding, project names shall be excluded from the foregoing'." Thomson asked Donaghey to "send through the names of the projects to be excluded." Donaghey responded in writing the same day: "The projects are Good Cult, Follow Me, and Superhighway."

20. Donaghey and Kast then executed an Employment Agreement dated as of June 14, 2021 (the "Employment Agreement"). Exhibit C to the Employment Agreement, signed and dated by Donaghey on June 17, 2021, lists "Good Cult," "Follow Me," and "Superhighway."

21. Paragraph 5(a) of the Employment Agreement, titled "Creations Retained and Licensed," contains the added sentence "Notwithstanding, project

names shall be excluded from the foregoing." Paragraph 5(a) further provides that if Donaghey incorporated into "a Company product or process a Prior Creation owned by me or in which I have an interest, the Company is hereby granted and shall have a non-exclusive, royalty-free, irrevocable, perpetual, worldwide license (with the right to sublicense) to make, have made, copy, modify, make derivative works of, use, sell and otherwise distribute such Prior Creation as part of or in connection with such product or process."

22. Paragraph 5(a) grants Kast, at most, a non-exclusive license limited to use of a Prior Creation "as part of or in connection with such product or process." A non-exclusive license does not transfer ownership. Nothing in the Employment Agreement assigns to Kast ownership of *Good Cult* as it existed before Donaghey's employment, or of the *Good Cult* name. Donaghey's ownership of those works does not arise under the Employment Agreement; it predates the Employment Agreement.

**C. <u>Donaghey's Employment Ended Before the Petition, and Kast Later Acknowledged Donaghey's Interest</u>**

23. Donaghey's employment with Kast began on or about June 24, 2021. Kast terminated Donaghey's employment in a restructuring effective January 18, 2023, more than a year before the Petition Date.

24. On February 9, 2024, Thomson sent Donaghey a proposed term sheet to bring Donaghey back as lead producer and host and stated that Kast was in discussions to move *Good Cult* to PodcastOne. On February 10, 2024, Thomson wrote to Donaghey that "Kast retains majority ownership of the show," acknowledging in writing that Donaghey held an ownership interest in *Good Cult*. No agreement was reached.

25. Between October 2024 and January 2025, while the Bankruptcy Case was pending, Thomson again corresponded with Donaghey in writing about



THE LAW OFFICES OF: ANDRE L. VERDUN

bringing *Good Cult* "back on the air in early 2025," including "[c]reative to bring show back" and "[p]ay rate per episode." No agreement was reached.

26. Kast therefore knew, before and throughout the Bankruptcy Case, that Donaghey claimed and held interests in *Good Cult* and that Kast's continued use of *Good Cult* was disputed.

**D. <u>The Bankruptcy Case, the Confirmed Plan, and the Discharge</u>**

27. On March 13, 2024 (the "Petition Date"), Kast filed a voluntary petition under Subchapter V of Chapter 11. M. Douglas Flahaut was appointed Subchapter V trustee.

28. On June 11, 2024, the Debtor filed the Plan. The Plan describes the Debtor's assets as consisting primarily of "cash on hand, accounts receivables, unvalued intellectual property related to the podcasts, and potential claims against third parties." The Plan does not identify *Good Cult* as an asset of the Debtor, and the claims chart attached to the Plan as Exhibit B does not identify Donaghey.

29. On May 28, 2025, the Court entered the Confirmation Order confirming the Plan as a consensual plan. The Effective Date of the Plan was July 12, 2025. On July 24, 2025, the Debtor filed a notice of the Effective Date and of substantial consummation of the Plan.

30. On November 14, 2025, the Court entered the Discharge Order granting the Debtor a discharge under 11 U.S.C. § 1141(d) for a plan confirmed under 11 U.S.C. § 1191(a). The Discharge Order states that it "does not close or dismiss the case," and that debts not discharged include "debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case." The Bankruptcy Case remains open.

31. Section E of the Confirmation Order provides that on the Effective Date "all of the property of the Debtor not otherwise transferred pursuant to the Plan . . . shall be revested in the Debtor free and clear of all claims, liens, charges and other interests of creditors arising prior to Confirmation."

THE LAW OFFICES OF: ANDRE L. VERDUN

32. Section V of the Confirmation Order enjoins the prosecution of any claim or interest "that is discharged, released, or terminated pursuant to the Plan."

**E. The Confirmed Plan Extinguished the Debtor's Rights Under Pre-Petition Employment Agreements and Rejected Those Agreements**

33. Article 6.01(a) of the Plan provides for the assumption of a single executory contract, the Debtor's contract with Universal Content Productions LLC. Article 6.01(b) of the Plan provides that, except for contracts assumed before the Effective Date or under Article 6.01(a), or subject to a pending motion to assume, "the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date."

34. Article 10 of the Plan provides: "Pre-petition, the Debtor was a party to employment agreements. All of the employment relationships were terminated Pre-petition and the Debtor believes these contracts are no longer in effect and are non-executory. However, to the extent any rights still exist under these contracts or they are considered executory, such rights will be extinguished and the contracts shall be deemed rejected pursuant to Article 6 upon confirmation of the Plan." Article 10 then lists six individuals as "[p]arties potentially affected by this provision." Donaghey is not among them.

35. The Employment Agreement is a pre-petition employment agreement to which the Debtor was a party, and the employment relationship under it terminated pre-petition on January 18, 2023. The Debtor did not assume the Employment Agreement, and the Employment Agreement was not the subject of any motion to assume.

36. Under 11 U.S.C. § 1141(a), "the provisions of a confirmed plan bind the debtor." Section G of the Confirmation Order provides that "all executory contracts and unexpired leases to which the Debtor may be a party are hereby assumed or rejected pursuant to section 365 of the Bankruptcy Code as provided in the Plan," and Section W provides that "[e]ach provision of the Plan shall be deemed



The Law Offices of: Andre L. Verdun

authorized and approved by this Order and shall have the same binding effect of every other provision of the Plan."

37. By the Debtor's own confirmed Plan, therefore, any rights the Debtor still held under the Employment Agreement, including any license under paragraph 5(a), were extinguished, and the Employment Agreement was deemed rejected, upon confirmation on May 28, 2025, and in all events no later than the Effective Date. Rejection prevents a debtor from obtaining the future benefits of a rejected contract. Since confirmation, the Reorganized Debtor has held no license from Donaghey to use any Prior Creation, including *Good Cult*.

**F. <u>Donaghey Received No Notice of the Bankruptcy Case</u>**

38. The list of creditors holding the twenty largest unsecured claims filed with the petition does not identify Donaghey. The mailing matrix attached to the Debtor's July 24, 2025 notice of the Effective Date does not identify Donaghey.

39. On information and belief, the Debtor did not schedule Donaghey as a creditor or as a party to any executory contract and did not schedule *Good Cult* as property of the Debtor. The Debtor did not serve Donaghey with, and Donaghey never received, notice of the Petition Date, the deadline to file proofs of claim, the deadline to file claims arising from rejection of executory contracts, the Plan, the confirmation hearing, the Confirmation Order, or the Discharge Order.

40. Donaghey did not file a proof of claim, did not vote on the Plan, did not appear at the confirmation hearing, and received no distribution under the Plan.

41. The Debtor knew Donaghey's identity, email address, and interest in *Good Cult*, having corresponded with Donaghey about *Good Cult* in February 2024, one month before the Petition Date, and again between October 2024 and January 2025, while the Bankruptcy Case was pending.

**G. <u>Kast's Continued Use After Confirmation and Donaghey's Demands</u>**

42. On information and belief, since confirmation of the Plan, the Reorganized Debtor has continued to host and distribute *Good Cult* episodes,



THE LAW OFFICES OF: ANDRE L. VERDUN

The Law Offices of: Andre L. Verdun

including through Apple Podcasts, and to sell advertising against those episodes, and has retained control of the *Good Cult* RSS feed and associated hosting and platform accounts. On information and belief, those episodes incorporate works that Donaghey created before the Employment Agreement.

43. On October 13, 2025, Donaghey's counsel sent Kast and Kast's counsel a written demand to remove *Good Cult* episodes from Kast's servers and platforms, transfer the *Good Cult* RSS feed to Donaghey, and cease advertising, sales, or monetization of *Good Cult* episodes. Kast did not comply.

44. On May 26, 2026, Donaghey's counsel sent a further written demand to the Reorganized Debtor's chief executive officer requesting transfer of the RSS feed and audio files, cessation of use, and a written acknowledgment of Donaghey's ownership. The Reorganized Debtor did not respond.

**H. <u>Claims Arising Under Business and Professions Code Section 16600.1</u>**

45. Paragraph 8 of the Employment Agreement restricts Donaghey, for twelve months after the end of the employment relationship, from soliciting Kast's employees, consultants, clients, vendors, and service providers. Exhibit B to the Employment Agreement contains a twelve-month covenant not to engage in a "Competing Business."

46. Business and Professions Code section 16600.1, subdivision (b), required every employer, by February 14, 2024, to notify each current employee and each former employee employed after January 1, 2022, whose contract included a noncompete clause that did not satisfy a statutory exception, that the clause is void. On information and belief, Kast did not send Donaghey that notice. Under Business and Professions Code section 16600.5, subdivision (e), a former employee may bring a private action to enforce that chapter, and a prevailing former employee is entitled to recover reasonable attorney's fees and costs.

**V. FIRST CLAIM FOR RELIEF**

### A. <u>Declaratory Judgment Determining Donaghey's Interest in Property (Fed. R. Bankr. P. 7001(b), (i); 28 U.S.C. § 2201; 11 U.S.C. §§ 541, 1141)</u>

47. Plaintiff realleges and incorporates paragraphs 1 through 46.

48. Under 11 U.S.C. § 541(a)(1), the estate included only "legal or equitable interests of the debtor in property as of the commencement of the case." The estate acquired no greater interest in *Good Cult* than the Debtor held on the Petition Date.

49. On the Petition Date, the Debtor held, at most, the non-exclusive license described in paragraph 5(a) of the Employment Agreement. The Debtor did not own *Good Cult* as it existed before Donaghey's employment, did not own the *Good Cult* name, and held no exclusive rights in either.

50. Section E of the Confirmation Order revested only "property of the Debtor," and only free and clear of "claims, liens, charges and other interests of creditors arising prior to Confirmation." Donaghey's ownership of *Good Cult* is not a claim against the Debtor, is not an interest of a creditor, and was not property of the Debtor. The Plan did not deal with *Good Cult* or with Donaghey's interests in *Good Cult*.

51. An actual controversy exists. Donaghey contends that Donaghey owns *Good Cult*, including the pre-existing works and the name, and that neither the Plan, the Confirmation Order, nor the Discharge Order transferred to Kast, or extinguished, any of Donaghey's ownership interests. The Reorganized Debtor has refused Donaghey's demands and continues to control and exploit *Good Cult*, and Thomson has asserted that "Kast retains majority ownership of the show."

52. Donaghey is entitled to a declaratory judgment as set forth in the Prayer.

## VI. SECOND CLAIM FOR RELIEF

### A. <u>Declaratory Judgment That the Confirmed Plan Extinguished the Debtor's Rights Under the Employment Agreement and Rejected It (Fed. R. Bankr. P. 7001(b), (i); 28 U.S.C. § 2201; 11 U.S.C. § 1141(a))</u>

53. Plaintiff realleges and incorporates paragraphs 1 through 52.



THE LAW OFFICES OF: ANDRE L. VERDUN

THE LAW OFFICES OF: ANDRE L. VERDUN

54. The Plan binds the Debtor under 11 U.S.C. § 1141(a) and Sections G and W of the Confirmation Order. Under Article 10 of the Plan, any rights still existing under the Debtor's pre-petition employment agreements were "extinguished" and those agreements were "deemed rejected pursuant to Article 6 upon confirmation of the Plan." Under Article 6.01(b), every executory contract not assumed was "conclusively deemed" rejected as of the Effective Date.

55. The Employment Agreement falls within Article 10 and, to the extent executory, within Article 6.01(b). Any license or other right the Debtor held under paragraph 5(a) of the Employment Agreement was therefore extinguished, and the Employment Agreement was deemed rejected, upon confirmation of the Plan.

56. Article 10 extinguished rights under the employment agreements; it did not transfer to the Debtor any property that the Debtor did not own. Donaghey's ownership of *Good Cult* predates and does not arise under the Employment Agreement. Further, Donaghey received no notice of the Plan and is not named among the parties potentially affected by Article 10, and Article 10 cannot operate to deprive Donaghey of any interest.

57. An actual controversy exists. The Reorganized Debtor continues to distribute and monetize *Good Cult* as though the Reorganized Debtor held a continuing license. Donaghey is entitled to a declaratory judgment as set forth in the Prayer.

## VII. THIRD CLAIM FOR RELIEF

### A. <u>Declaratory Judgment That Post-Confirmation Claims Are Not Discharged or Enjoined (Fed. R. Bankr. P. 7001(f), (i); 28 U.S.C. § 2201; 11 U.S.C. §§ 524(a), 1141(d)(1)(A))</u>

58. Plaintiff realleges and incorporates paragraphs 1 through 57.

59. Under 11 U.S.C. § 1141(d)(1)(A), confirmation discharges the debtor "from any debt that arose before the date of such confirmation." The discharge injunction of 11 U.S.C. § 524(a)(2) applies only to actions to collect, recover, or

offset a discharged debt as a personal liability of the debtor. Section V of the Confirmation Order enjoins only claims "discharged, released, or terminated pursuant to the Plan."

60. Claims arising from acts or omissions of the Reorganized Debtor after May 28, 2025, including the continued hosting, distribution, sublicensing, and monetization of *Good Cult* without any license, and the use of Donaghey's name and voice in advertising, did not arise before confirmation, were not discharged, and are not subject to Section V of the Confirmation Order or 11 U.S.C. § 524(a).

61. An actual controversy exists regarding the scope of the Discharge Order and Section V of the Confirmation Order as applied to those claims. Donaghey is entitled to a declaratory judgment as set forth in the Prayer.

**VIII. FOURTH CLAIM FOR RELIEF**

**A. <u>In the Alternative, Declaratory Judgment That Pre-Confirmation Claims Were Not Discharged as to Donaghey for Lack of Notice (Fed. R. Bankr. P. 7001(f), (i); 28 U.S.C. § 2201)</u>**

62. Plaintiff realleges and incorporates paragraphs 1 through 61.

63. A discharge cannot bind a known creditor that the debtor never gave notice of the bankruptcy case, the claims bar date, the plan, and the confirmation hearing, because enforcing the discharge against that creditor would deprive the creditor of property without due process of law. Knowledge that a bankruptcy case exists does not impose on a creditor a duty to investigate or to appear, and does not substitute for formal notice.

64. Donaghey was a known claimant. The Debtor knew Donaghey's identity, contact information, and interest in *Good Cult* before the Petition Date and during the Bankruptcy Case. The Debtor did not list Donaghey among its creditors, did not identify Donaghey as a party potentially affected by Article 10 of the Plan, and did not serve Donaghey with notice of any bar date, the Plan, or the confirmation hearing. Donaghey received no such notice.



THE LAW OFFICES OF: ANDRE L. VERDUN

THE LAW OFFICES OF: ANDRE L. VERDUN

65. Any claims Donaghey holds against the Debtor that arose before May 28, 2025, including claims arising from the use of *Good Cult* after January 18, 2023, any claim arising from the rejection of the Employment Agreement, and claims under Business and Professions Code sections 16600.1 and 16600.5 arising from the failure to give the notice required by February 14, 2024, were therefore not discharged as to Donaghey and are not enjoined by Section V of the Confirmation Order or by 11 U.S.C. § 524(a).

66. An actual controversy exists regarding the effect of the Discharge Order and the Confirmation Order on those claims. Donaghey is entitled to a declaratory judgment as set forth in the Prayer.

## IX. FIFTH CLAIM FOR RELIEF

### A. <u>Injunction (Fed. R. Bankr. P. 7001(g), 7065)</u>

67. Plaintiff realleges and incorporates paragraphs 1 through 66.

68. Absent an injunction, the Reorganized Debtor will continue to treat *Good Cult* as its own property and to exploit *Good Cult* without any license, and Donaghey will suffer irreparable harm, including loss of control over a deeply personal account of Donaghey's own family, the use of the *Good Cult* name and Donaghey's name and voice without consent, and interference with Donaghey's ability to develop *Good Cult*, for which money damages are inadequate.

69. The balance of hardships favors Donaghey. An injunction preventing the Reorganized Debtor from exploiting rights that the Reorganized Debtor's own confirmed Plan extinguished, and preserving the evidence and accounts at issue, imposes no cognizable hardship. The public interest favors enforcement of this Court's orders and the Plan according to their terms and the protection of ownership interests that the Plan did not purport to take.

70. Donaghey is entitled to injunctive relief as set forth in the Prayer.

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiff River Donaghey requests that the Court enter judgment against Defendant Kast Media, Inc., as Reorganized Debtor, as follows:

1. On the First Claim for Relief, a declaratory judgment that: (a) Donaghey owns *Good Cult*, including all works created before June 24, 2021, and the *Good Cult* name; (b) the Debtor held no ownership of or exclusive rights in *Good Cult* or the *Good Cult* name; (c) Donaghey's ownership interests in *Good Cult* were not property of the Debtor or of the estate under 11 U.S.C. § 541; and (d) neither the Plan, the Confirmation Order, nor the Discharge Order transferred, revested in the Debtor, or extinguished any of Donaghey's ownership interests in *Good Cult*;
2. On the Second Claim for Relief, a declaratory judgment that, under Articles 6.01(b) and 10 of the Plan, any license or other right the Debtor held under the Employment Agreement, including under paragraph 5(a), was extinguished, and the Employment Agreement was deemed rejected, upon confirmation of the Plan on May 28, 2025, and that the Reorganized Debtor holds no license from Donaghey to use *Good Cult* or any other Prior Creation;
3. On the Third Claim for Relief, a declaratory judgment that claims arising from acts or omissions of the Reorganized Debtor after May 28, 2025, were not discharged and are not enjoined by the Discharge Order, Section V of the Confirmation Order, or 11 U.S.C. § 524(a);
4. On the Fourth Claim for Relief, in the alternative, a declaratory judgment that claims Donaghey holds against the Debtor that arose before May 28, 2025, including claims under Business and Professions Code sections 16600.1 and 16600.5, were not discharged as to Donaghey and are not enjoined by the Discharge Order, Section V of the Confirmation Order, or 11 U.S.C. § 524(a);



THE LAW OFFICES OF: ANDRE L. VERDUN

5. On the Fifth Claim for Relief, an injunction, preliminary and permanent, prohibiting the Reorganized Debtor and all persons acting in concert with the Reorganized Debtor from (a) reproducing, distributing, publishing, sublicensing, or monetizing any work that incorporates Donaghey's pre-existing *Good Cult* works; (b) producing, publishing, or licensing any new *Good Cult* episode, season, adaptation, or other new work using the *Good Cult* name or Donaghey's pre-existing works; (c) using Donaghey's name or voice in any advertisement, promotion, or trailer without Donaghey's written consent; (d) transferring, assigning, sublicensing, encumbering, deleting, or altering the *Good Cult* RSS feed, master audio files, hosting and platform accounts and credentials, and advertising and revenue records during the pendency of this proceeding; and (e) representing to any person that the Reorganized Debtor owns or holds a license to *Good Cult* or the *Good Cult* name;
6. An order that nothing in the Plan, the Confirmation Order, the Discharge Order, or 11 U.S.C. § 524(a) bars Donaghey from prosecuting, in a court of competent jurisdiction, the claims described in paragraphs 3 and 4 of this Prayer, or, to the extent the Court determines that any of them applies, relief from its application;
7. Costs of suit; and
8. Such other and further relief as the Court deems just and proper.

Dated: September 16, 2026

*/s/ Andre L. Verdun*
Andre L. Verdun
Attorney for Plaintiff
River Donaghey



THE LAW OFFICES OF: ANDRE L. VERDUN